*Municipal Court of the*
*City of Boston*
No. 305137
SAVORY-MacDONALD
INSURANCE AGENCY, INC.

*v.*

SALVATORE PIZZANO
Argued: Nov. 30, 1973   Decided: Dec. 21, 1973

Case tried to *Foster, J.,* in the Municipal Court of the City of Boston. No. 305137.

*Present:* Lewiton, C.J., Glynn, Doerfer, J.J.

**Doerfer, J.** This is an action of contract on an account annexed for monies due for insurance premiums. The answer of the defendant was a general denial and payment. The court found for the plaintiff in the amount of $235.00.

At the trial Donald Ross, a resident of Auburndale, Mass., testified that:

He was the chief underwriter for the Savory-Hayward Insurance Agency, Inc. and Sav-

ory-MacDonald Insurance Agency, Inc. He was familiar with the plaintiff's declaration in the case, and the statement set forth in the account annexed marked "A". The Exhibit came from the books and records kept by him for the Savory-MacDonald Insurance Agency, Inc. and he wrote the insurance orders from which the policies were prepared. According to the plaintiff's books and records, on *July 15, 1970,* the plaintiff agency wrote a Manufacturers and Contractors Liability (GLA 563731) and a Fire Insurance Policy (639339) covering Stewart A. Foss and Salvatore Pizzano d/b/a Reincarnation Furniture Stripping & Refinishing, at 47 Shore Road, Winchester, Mass. [emphasis added]. Manufacturers and Contractors liability policy was cancelled *January 17, 1971,* and the fire policy was cancelled *January 27, 1971,* for non-payment of premiums and as of said date, there were earned premiums of $235.00 due for coverage under said policies. Demands for payment were sent but no payments were received and the balance due and owing was $235.00.

An attested copy of a Business Certificate from the Town Clerk, Town of Winchester, filed in said office on *June 25, 1970,* stated that Stewart A. Foss and Salvatore Pizzano were doing business as "Reincarnation" at 47 Shore Road, Winchester, Massachusetts.

There was no evidence that the defendant or Stewart A. Foss ever protested the demands

for payment. The business certificate shows the home address of the defendant as 160 Pond Street, Winchester, is the same address stated in the sheriff's return on the writ served upon the defendant in this matter. The defendant did not testify.

The defendant appeals from the court's denial of the following two requested rulings:

"(1)  As a matter of law, a finding for the defendant is required because there is no evidence that the defendant ever ordered or requested any insurance coverage from the plaintiff.

"(4)  There is no evidence before the court that the defendant was the owner or person in charge of the business known as Reincarnation Furniture Stripping and Refinishing in July and November, 1970, when this insurance was allegedly ordered".

We address request No. 4 first. The evidence justified a conclusion that the defendant and Foss were doing business together at 47 Shore Road, Winchester as "Reincarnation".

Although there is a discrepancy in the name stated on the business certificate ("Reincarnation") and the title stated in the policy ("Reincarnation Furniture Stripping and Refinishing"), the justice was justified in concluding

that the business entity listed in the business certificate was the same one listed on the books and records of the plaintiff as the insured, on the facts reported in this case.

■ The business certificate is evidence of a partnership between the defendant and Stewart Foss, and the defendant is liable for partnership obligations. G.L. c. 108A, §§ 6, 15. The business certificate states that the defendant and Stewart Foss appeared before the Assistant Town Clerk and took oath that the statements contained therein were true.

■. Even if no partnership in fact existed between Foss and the defendant, the defendant is estopped from denying the partnership. G.L. c. 108A, § 16. Hence, request No. 4 was properly denied.

■ Request No. 1 was also properly denied. The failure of the partnership to reply to the demands for payment sent to either partner is an admission by the partnership that the plaintiff's claim was valid. See Leach and Liacos, *Handbook, Mass. Evidence* (4th ed.) p. 205.

■. Each member of the partnership is chargeable with notice given to the partnership or to any partner, and with valid partnership debts. The address carried on the books of the plaintiff corresponds to the address shown on the business certificate. Obviously, upon the plaintiff's testimony that demands were ''sent'', the judge was justified in

inferring that these demands were sent to the address of the partnership shown on plaintiff's books and records.

■■■. Furthermore, the business entries of the plaintiff, as described by the plaintiff's witness, were sufficient to establish the debt. G.L. c. 233, § 78. *Standard Oil Co. of New York* v. *Malaguti,* 269 Mass. 126, 128, 129 (1929). *W.W. Briton Inc.* v. *S.M. Hill Co.,* 327 Mass. 335 (1951).

■■■. The defendant places great weight on the difference in spelling in the name of the defendant allegedly contained in the insurance policy and the true spelling of the defendant's name. We do not believe that this misspelling of the defendant's name by the plaintiff in its records would have required the judge to grant the defendant's requests, since there was adequate evidence upon which to conclude that the error was merely a misnomer.

For the foregoing reasons the report is dismissed. Report dismissed.

JOSEPH W. BREEN of Woburn
for the defendant