Maurice PERLMAN
vs.
T.K. CHEVROLET-BUICK, INC.,
Myron KORNITSKY and
Robert TROCKI

No. 8658

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts
January 12, 1981

Irving Perlman for the plaintiff.
Irving S. Meyers for the defendant.

Present: Forte, J., Banks and Tiffany, J.J.

## OPINION

TIFFANY, J. This is an action in contract by the plaintiff to recover for breach of an agreement by the defendants to sell his car.

There was a finding for the plaintiff, according to the docket entry, on December 26, 1978. This entry is obviously in error and should read December 19, 1978 as a subsequent docket entry reads "corrected judgment, December 22, 1978". This typographical error is immaterial to the case at bar.

On January 11, 1979, the defendants submitted a "Motion to File Appeal Late" which was denied by the court on February 5, 1979.

The sole issue before this Division is the propriety of the trial court's denial of this motion.

The removal, re-transfer or appeal of a district court proceeding to the Superior Court Department is governed exclusively by statute. The three statutes are G.L. c. 231, sec. 97; G.L. c. 231, sec. 102(c); and G.L. c. 231, sec. 104. Based on the amount of the judgment and the initiating of the action in the District Court Department, G.L. c. 231, sec. 97 and G.L. c. 231, sec. 102c are inapplicable and the defendants' attempt to secure a superior court trial was in essence a request for removal pursuant to G.L. c. 231, sec. 104.

General Laws c. 231, sec. 104 as amended provides that:

"A party who would have been entitled to remove the case for trial in the superior court as herein above provided but for the fact that the amount of the claim . . . does not exceed seven thousand, five hundred dollars shall, if he desires a trial by the superior court, file said entry fee and bond within TEN DAYS AFTER notice of the decision or finding."

It was, therefore, incumbent upon the defendants to file an entry fee and bond within the ten days after notice of the court's judgment to perfect his removal under G.L. c. 231, sec. 104. The short answer to the defendants' present appeal to this Division is their failure to comply with the mandatory requirements of sec. 104 constitutes a forfeiture of the defendants' right to a jury trial in the Superior Court Department as a matter of law. H.K. Webster v. Mann, 269 Mass. 381, 384 (1929); Fitchburg Gas & Electric Light Co. v. Yankee Plastics, Inc., 53 Mass. App. Dec. 180, 182 (1974).

However, it is incumbent upon this Division to stress the terminal effect of the defendants' misdirected preoccupation with the sec. 104 time factor on appeal. The defendants' erroneous assumption that the ten-day filing period had expired on January 11, 1979 was their downfall. The operative ten-day period commences to run from the date of actual receipt of a notice of judgment. The date of receipt of notice as specified in the report was January 4, 1980. A request for removal, filing fee and bond could have been seasonably and successfully submitted on the very date, January 11, 1980, on which the defendant ill-advisedly sought permission for late filing. The defendants' removal endeavors of January 11, 1980 were timely but procedurally inadequate in not submitting a removal fee and bond instead of the request or motion to file appeal late.

The court entertained the motion at issue on January 20, 1980, a time subsequent to the expiration of the ten-day filing period. The denial of the defendants' motion was

172

then mandatory.

A district court justice is not empowered to extend the time period for removing an action to the Superior Court Department or to otherwise authorize removal after the expiration of the statutory filing period. **Griffin v. Powers**, 301 N.E. 2d, 691; **Purcell v. Dutch Enterprizes, Inc.**[a]

There being no error, the report is dismissed. So ordered.

> Forte, J.
> Banks, J.
> Tiffany, J.

[a]1978 Mass. App. Dec. Adv. Sh. 214