Silva, J.
This consolidated action arises out of a suit commenced in the Wareham Division of the District Court by the plaintiff for negligence, breach of contract, and violation of the Consumer Protection Act, (G.L.C.93A); and a suit by the defendant, which was brought in the New Bedford Division, against this plaintiff for work, labor, and materials furnished. The matter was heard before a justice of the Wareham Division and judgment was entered on June 17, 1982. The attorney for Danny’s Auto Body Inc. received the finding and copy of judgment at his office on or before June 21,1982. An appropriate claim for trial by jury and a check in the amount of one hundred and fifty dollars ($150.00), to cover the removal fee and bond, were prepared by the attorney for Danny’s Auto Body Inc. and forwarded by first class mail, postage prepaid, to the Clerk Magistrate of the Wareham Division on June 23,1982. A copy was forwarded to the attorney for James E. Johnson.
The documents were not received by the Clerk Magistrate until July 6,1982. The envelope containing the above mentioned documents was placed in a U.S. Postal mailbox near the office of the attorney for Danny’s Auto Body Inc., on June 23, 1982. Due to an internal problem in the post office the postal authorities failed to pick up the mail for several days with the result that the envelope was not postmarked until July 2, 1982. The usual time for mail delivery between New Bedford, Massachusetts and West Wareham, Massachusetts is approximately two (2) days. The ten (10) day period for the claiming a jury trial in the nature of an appeal to the Superior Court starts to run from the date of receipt of notice by the counsel for the defendant. The time would have expired on July 1,1982. On July 7th, the attorney for Danny’s Auto Body Inc. was informed that his appeal would not be entered because of the late filing. A hand written motion to stay execution was filed with the court on that date. On July 9th, a motion to order acceptance of defendant’s request for trial by jury late was mailed to the court and opposing counsel with a request that it be marked for hearing on July 14, 1982. The plaintiff waived the notice requirements for the hearing in order that it could be heard on July 14th. The motion was allowed on August 13, 1982. The plaintiff, Johnson, claims to be aggrieved by the allowance of the motion to order acceptance of the defendant’s request for trial by jury late and alleges that the justice had no discretion to allow the late filing or to order the late filing of a claim of jury trial *84 and filing of a removal fee and bond after the ten days for the filing had expired.
The only issue presented for review is whether the motion justice has discretion to allow a late filing of a claim of j ury trial and removal after the ten days has expired.
It appears that pursuant to (G.L.c. 231, §104)[1] the trial judge has no discretion to grant an extension of time for claiming a jury trial in the Superior Court.
The computation of the ten day filing period commences after actual receipt of notice of judgment. Purcell v. Dutch Enterprises, 1978 Mass. App. Div. 214, 216. Notice was received by the defendant’s attorney on June 21,1982. Failure to perfect filing within the ten day mandatory requirement of the statute resulted in a forfeiture of the defendant’s right to a jury trial in the Superior Court as a matter of law. Perlman v. Kornitsky, 1981 Mass. App. Div. 5.
Since actual notice of the finding and judgment was not received by the attorney for the defendant until June 21, 1982, he had until the close of business on Thursday, July 1, 1982, to file his request for transfer to the Superior Court for trial by jury. Sweeney v. Morey & Co. Inc. 279 Mass. 496, 502, (1982). The docket reflects no action was taken by the defendant until July 6, 1982, when he attempted to file with the clerk a notice of appeal and an entry fee. The clerk returned these to the defendant as not being timely filed. There was no error in the part of the clerk’s office in declining to accept the late filed request for transfer. H.K. Webster Co. v. Mann, 269 Mass. 381, 384 (1929).
While the Mann case, supra, supports the proposition that a District Court Justice has the discretion to permit a late removal upon the terms delineated in the statute, the court, in reaching that result, relied upon the language of *85 G.L.c. 231, §107, which in express terms permitted a judge to allow a late removal at anytime prior to judgment. In this case, the defendant seeks a late removal after a mandated trial in the District Court and after judgment.
Subject to the pendency of motions or other proceedings tolling the running of the ten day period, a District Court judge is not empowered to enlarge the time for removal if the motion is filed after the running of the ten day period. Upon a showing of excusable neglect, the judge, acting upon a motion for relief from judgment filed pursuant to Rule 60, may order the original judgment vacated and order the reentry of judgment so as to cause the ten day period to commence to run anew. Coen Marine Equipment Inc. v. Kurker, Mass. App. Div. (decided July 20, 1983.)
The constitutional right to a trial by jury is not impaired by a statute which imposes reasonable limitations on the exercise of the right. H.K. Webster Co. v. Mann, supra.
There is no dispute that the failure to perfect was due to the internal delivery problems of the Post Office and not occasioned by any fault on the part of the attorney. Even though the attorney acted in good faith, the legislature in its wisdom has not provided for a good faith exception to the ten day filing requirement. The language of the statute is clear, if a party desires a trial in the Superior Court he “shall... file . . .within ten days after notice.” G.L.c. 231, § 104. Not only does the statute fail to provide any avenue for the exercise of judicial discretion but, cases have interpreted the statute to provide that, “a District Court Justice is not empowered to extend the time period for removing the action to the Superior Court Department or to otherwise authorize removal after the expiration of the statutory filing period.” Perlman v. Kornitsky, supra at page 6 and Purcell v. Dutch Enterprises, supra at page 217.
The defendant argues that the trial justice had the discretion to extend the ten day filing period by virtue of Mass Rules of Civil Procedure, Rule 6(b)(2), which provides that “when by these rules, or by notice given thereunder or by order or rule of court an act is required or allowed to be done at or within a. specified time, the court may for cause shown at anytime in its discretion . . . upon motion made after the expiration of the specific period permit the act to be done where failure to act was a result of excusable neglect.” The Rule is limited to those matters which must be performed within a specified time as set forth in the Rules and does not apply to the removal statute.
The recent case of U.S. Trust Co. v. Kennedy, 17 Mass. App. Ct. 131, seems to reinforce a trial judge’s discretion to forgive a failure to comply with a rule under certain circumstances. However, we are unable to find any authority which would allow a trial judge to pardon a failure to comply with statutory time constraints, even where the tardiness was caused by circumstances beyond the control of the party seeking relief.
The order allowing defendant’s motion for late removal is vacated.

 § 104. Removal from district court to superior court.
Any other party, a plaintiff against whom a claim, counterclaim, or cross-claim is brought, and a defendant who asserts a compulsory counterclaim, may, provided that the amount of the claim against such other party, the amount of the claim, counterclaim or cross-claim brought against such plaintiff, or the amount of the compulsory counterclaim asserted by such defendant, as the case may be, exceeds seven thousand five hundred dollars, file in the district court in which the action is pending a claim of trial by the superior court together with the fee for the entry of the claim of each plaintiff in the superior court, and, except as provided in section one hundred and seven, a bond in the penal sum of one hundred dollars, with such surety or sureties as may be approved by the party or parties not asserting such claim of trial by the superior court or by the clerk or an assistant clerk of said district court, payable to the other party or parties, conditioned to satisfy any judgment for costs which may be entered against him in the superior court in said cause within thirty days after the entry thereof. Such claim of trial by the superior court must be filed no later than twenty-five days after service of the pleading which asserts the claim, counterclaim, or cross-claim on which the right to remove is based, provided, however, that in the case of a compulsory counterclaim, the party asserting such counterclaim must file such claim of trial by the superior court no later than five days after the expiration of the time allowed to assert such counterclaim. The clerk shall forthwith transmit the papers and entry fee to the clerk of the superior court and the same shall proceed as though then originally entered there.
Removal of a case under this section shall remove any default and vacate any judgment entered thereon for failure to plead or otherwise defend in the district court, excepting cases in which the ad damnum does not exceed seven thousand five hundred dollars. Cases in which no claims, counterclaims or cross-claims exceed seven thousand five hundred dollars and those in which rights of parties to remove for trial in the superior court as hereinabove provided are not properly exercised shall be tried in the district court. A party who would ha ve been entitled to remove the case for trial in the superior court as hereinabove provided but for the fact that the amount of the claim, counterclaim, or cross-claim, as the case may be. does not exceed seven thousand five hundred dollars shall, if he desires trial bv the superior court file an entry fee of fifty dollars and bond within ten days after notice of the decision or finding. Such filing shall have the same effect as a request for retransfer under section one hundred and two C, and the decision shall be transmitted to and the case tried in the superior court subject to the provisions of said section one hundred and two C applicable to retransferred cases.