Doyle, P.J.
This in an action in contract to recover $2,175.00 for kitchen remodeling work in the defendant's home which was allegedly completed by the plaintiff pursuant to the parties’ written agreement. The defendant counterclaimed for breach of contract and G.L. C.93A damages arising from the plaintiffs defective workmanship and failure to remedy the same.
The trial court found for the defendant/plaintiff-in-counterclaim and awarded damages in the sum of $8,227.00 plus costs and attorneys’ fees. Judgment for the defendant was entered on April 7,1987. Notice of judgment was issued to the parties.
Seventeen days later, on April 24,1987, the plaintiff submitted a “Motion to File Appeal Late” which requested a removal of the case to the Superior Court Department for jury trial. In an attached affidavit, plaintiffs counsel averred that he had been absent from his law firm’s office due to an incapacitating back problem from April 5, 1987 through April 14, 1987; that he returned to the office on April 15,1987; that he then discussed the case with defendant’s counsel; and that, after consultation with his client on April 21, 1987, determined that it would be necessary to initiate an appeal.
In opposition to the plaintiffs “late appeal” motion, defendant’s counsel argued that notice of judgment had been received by him on April 8,1987 and that a logical inference arose that such notice was also actually delivered to plaintiff counsel’s law firm no later than April 10 or 11,1987. In subsequent argument before this Division, plaintiffs counsel agreed that although he did not personally examine the court’s notice until his return to work on April 15, 1987, such notice had in fact been delivered to his law firm’s office and opened by an employee prior to that date.
The trial court allowed the plaintiffs Motion For Late Appeal. The defendant thereafter requested a Dist./Mun. Cts. R. Civ. P., Rule 64 report of such allowance to this division.
1. It must be noted initially that the plaintiffs efforts to secure a trial de novo in the Superior Court Department were not governed, as the plaintiff contends, by G.L. c.231, § 97. Said statute is restricted to the appeal of a district court civil action “which could not have been removed to the superior *37 court. . ..” As the defendant’s October, 1985 counterclaim for breach of contract and G.L. c.93A relief sought actual damages of less than $7,500.00,[2] the action was subject to removal to Superior Court Department by the plaintiff/defendant-in-counterclaim after trial pursuant to G.L. c. 231, §104. Section 97 is wholly inapplicable to the present case.[3] Auburn v. Cappadona, 1983 Mass. App. Div. 146, 147. See also, Drake-Bender v. Galvin, 2 Mass. App. Ct. 836 (1974).
2. To secure a post-judgment removal of this action to the Superior Court Department pursuant to G.L. c. 231, §104, the plaintiff was required to file a request for such removal, entry fee and bond within “ten days after notice of the decision or finding” of the district court. It is well established that a trial court has no authority to extend this mandatory, ten day statutory period for removal. Perlman v. Kornitsky, 1981 Mass. App. Div. 5, 6. See also, Griffin v. Powers, 1 Mass. App. Ct. 846, 847 (1973) (G.L. c. 231, Sec. 102C). A failure to adhere to the time strictures of G.L. c. 231, Sec. 104, constitutes an automatic forfeiture of any right to proceed to a super ior court for jury trial. Coen Marine Equip., Inc. v. Kurker, 392 Mass. 597, 602-603 (1984); H.K. Webster Co. v. Mann, 269 Mass. 381, 384 (1929).
3. Given the clarity of statutory provisions and case law in this area, the only conceivable issue raised by motions like the plaintiffs is whether the appellant’s G.L. c. 231, §104, removal request was in fact filed within ten days of notice of the court’s finding or decision. This ten day period commences on the date of actual receipt of notice of judgment. Johnson v. Danny’s Auto Body, Inc., 1984 Mass. App. Div. 83, 84; Perlman v. Kornitsky, at 6; Purcell v. Dutch Enterprises, Mass. App. Div. Adv. Sh. (1978) 214, 216. As the plaintiffs removal request herein was filed on April 24,1987, such request was not timely if notice of judgment was received by the plaintiff prior to April 14,1987.
The parties have stipulated that plaintiffs individual counsel first examined the trial court’s notice of judgment upon his return to work on April 15,1987. Notice is generally deemed to have been given when actually received by the party to be notified. Ferreria v. Gross, 323 Mass. 175, 177 (1948); Regan v. The Atlantic Refining Co., 304 Mass. 353, 354 (1939); Conte v. School Committee of Methuen, 4 Mass. App. Ct. 600, 604 (1976). The party’s legal representative to be notified in this case, however, was the law firm of DeCoulos & Spitzer designated as plaintiffs attorneys in the complaint. Notice received by the law firm effectively constituted receipt of notice by the plaintiff and was clearly chargeable to the individual law firm partner assigned to handle the plaintiffs case. See, generally, as to partnership notice, Brooks v. Davis, 294 Mass. 236, 247 (1936); Boston Box Co. v. Shapiro, 249 Mass. 373, 380 (1924); Savory-MacDonald Ins. Agency, Inc. v. Pizzaro, 53 Mass. App. Dec. 33, 37-38 (1973). Individual counsel’s absence from the firm’s office due to illness for a ten day period could not effectively postpone the date of actual receipt of notice by the firm which served as plaintiffs counsel. Compare Sweeney v. Morey & Co., Inc., 279 Mass. 495, 501 (1932).
It is undisputed that actual receipt of notice in this case by DeCoulos & Spitzer occurred prior to April 15,1987 when plaintiffs counsel first examined the notice. It may also be reasonably inferred that a notice issued by the trial *38 court on April 7, 1987 and delivered to defendant’s counsel on April 8,1987 was received by DeCoulos & Spitzer prior to April 14, 1987. Accordingly, the plaintiffs efforts to remove this case to the Superior Court Department pursuant to G.L. c. 231, §104 were untimely. The plaintiffs Motion to File Appeal Late should have been denied.
The trial court’s allowance of the plaintiffs Motion to File Appeal Late is vacated. An order is to enter denying said motion.

 ^ 5 $ g* 3 » $ a o b* Pc S2 £■ ° „ o 2. c of 3*2. ig £. 531 CO £ tof 8,3' go. (0 S’ a :

 w ttT P* 3 5* <3 *3 o 3'S SS 3 2.2 o o a ■S fi- » 3 3 %‘S4 JS » •£* o" S' S’s SS-H-C 3 £2 o • ^ £HO ■ — <* a s' t; > to « •a 3 % „ ►— iT1 s- co co g- 5) “ n> o w O «•§■0 of T3 ■S 5P % g. CD to § P 2 rt. CD a s sHag