Martin, J.
These are petitions to establish reports that allege error in the court’s refusal to transfer this action to the Superior Court for a trial de novo. We find no error and deny the petitions.
On June 6, 1990, the court found that defendant had breached its contract of insurance by failing to pay plaintiff s claimforthe theft of her automobile, and awarded triple damages for a violation of G.L.c. 93A Both parties were notified of the findings. At a hearing on June 14,1990, to establish the amount of attorneys’ fees to be awarded to the plaintiff, both parties appearing, the court awarded attorneys’ fees of $1500 and notified both parties of that award.
Defendant wished to exercise its right to trial by the Superior Court under the provision of G.L.c. 231, §104, which requires that it perfect the transfer of the case within thirty days after notice of the decision or finding. Defendant waited to receive notice of judgment from the clerk under the provision of Dist./Mun. Cts. R Civ. P., Rule 77 (d). Defendant’s attorney called the court several times and was informed that judgmenthadnotenteredonthedocket. OnAugust31,1990, defendantfiledamotion for entry of judgment in order that final judgment would enter, intending thereafter to exercise its right to transfer the case to the Superior Court. At the hearing on its motion on September 14,1990, defendant learned that on June 14,1990, judgment had already entered on the docket Nevertheless, on October 18, 1990, defendant’s *150 motion for entiy of judgment was allowed and on October 20,1990, defendant filed its request to transfer this action to the Superior Court for trial.
On October 25, 1990, plaintiff filed a motion to reconsider the court’s allowance of defendant’s motion, and, on November 16, 1990, plaintiffs motion to reconsider was allowed, thereby reversing the decision on defendant's earlier motion for entry of judgment. Subsequently, three draft reports seeking to establish the date of judgment as November 16, 1990 rather than June 14, 1990, have been dismissed or disallowed. We deny the petitions to establish these reports for the reason that the reports disclose no prejudicial error. Coen Marine Equipment, Inc. v. Kurker, 392 Mass.597, 599-600 (1984); Locke v. Slater, 387 Mass. 682, 685 (1982).
Defendant mistakenly computes its time for transfer to begin when judgment enters. Rather, defendant was required to perfect the transfer of the case to the Superior Court within thirty days after it received notice of the decision of finding, Penman v. Kornitsky, 1981 Mass. App. Div. 5. Such notice is effective when it is received by the person to whom it is directed. Boston Gas Co. v. Assessors of Boston, 402 Mass. 346, 348 (1988). Although the thirty day period to transfer did not begin on June 14, 1990, when judgment was entered, it did begin no later than September 14, 1990 when defendant received notice of the docket entry of judgment. Defendant failed to file its request for transfer until October 20, 1990, more than thirty days after it had notice. This time period cannot be extended. Johnson v. Danny’s Auto Body, Inc., 1984 Mass. App. Div. 83, 84.
The allowance of defendant’s motion to enter judgment was a nullity because judgment had already entered. Although in the circumstances for this case, the trial judge might have had authority to vacate and reenter judgment, thereby establishing anew thirty day period for transfer of the case to the Superior Court, the judgment was not vacated. Abbott v. John Hancock Mutual Life Ins, Co., 18 Mass. App. Ct. 508, 515-516 (1984).
Plaintiff is entitled to reasonable attorneys’ fees associated with this appeal and sought such fees in her brief. Yorke Management v. Castro, 406 Mass. 17, 20 (1989). We have reviewed the briefs, petitions and draft reports in this case as well as plaintiff s affidavit with respect to attorneys’ fees. We have also considered the time associated with hearings on the draft reports and the oral argument before this division. Based on these factors, we award additional attorneys’ fees of $4500.
The petitions to establish draft reports are denied and an additional $4500 is awarded to plaintiff for attorneys’ fees.
So ordered.