Gelinas, J.
This action was tried by a District Court Judge over two days in September and October, 1991. Prior to trial a co-defendant, Michael Juskulski, settled plaintiffs claim against him, and a stipulation was offered on the record of the receipt in settlement of $20,000.00 and of the further receipt of $2,000.00 in Personal Injury Protection.
The judge made no specific findings of fact, but entered a general finding for the plaintiff against the defendant Charles E. Nichols and assessed damages in the sum of $13,000.00 plus costs and interest.
Defendant Nichols timely filed requests for rulings; two of these requests are pertinent and subject of this appeal:
1. The evidence warrants a finding that the defendant, Charles E. Nichols, was not negligent.
5. The evidence warrants a finding that the defendant, Nichols, was confronted with an emergency not of his own making, and that his reaction to that crisis equalled that of a person of ordinary competence acting under similar circumstances. Orfirer vs. Biswanger, 25 Mass. App. Ct. 928, 929 (1987); Newman vs. Redstone, 354, Mass. 379, 383 (1968).
The trial judge denied both requests.
At the conclusion of trial the judge entered the following finding:
The Court finds for the plaintiff Ronald Gibbons v. Charles E. Nichols on Count II and assesses damages in the sum of $13,000.00 plus costs and interests (sic).
Pursuant to the foregoing on June 12,1992 judgment entered in plaintiffs favor as against the defendant, Charles E. Nichols for $13,000.00, with interest from June 29, 1990, amounting to $3,028.88 and costs of $115.00. On June 22, 1992 defendant Nichols filed motion to amend the Court’s findings and judgment or for a new trial; the motion was denied. As stated, the judge made no findings of fact, and from the record it appears that neither plaintiff nor defendant requested findings of fact.
Denial of “warrant” requests have vexed the district court civil trial process for decades. In prior days civil trials were conducted without benefit of recordation, and absent statute, rule or caselaw requiring judges to make specific findings (c.f. M.G.L.C. 119, §27; Mass. Interim R. App. Proc. in Care and Protection Cases, Rule 4(a) (Care and Protection); M.G.L.C. 123, §813 (“Rogers” orders for involuntary treatment); Mass. R. Crim. R, Rule 15(a)(4) (motions to suppress)), appeals of district court decision focused generally on whether the judge in making his decision applied proper law. To this end the Rules of Civil Procedure require a judge to act on requests for rulings of law, Mass. R. Civ. R, Rule 64; frequently one of these requests is a “warrant” request, asking the judge in effect to rule as a matter of law that there is no evidence, believable or not, to support a finding for the requesting party.
*19 There is no need to review in detail here the law concerning “warrant” requests; our reports and those of the Appeals and Supreme Judicial Court are replete with lengthy and erudite discussion of this arcane and convoluted problem. (For an excellent recent discussion see the decision of Fuman, J., in Foster Cooperstein vs. Turner Brothers Construction. Inc. and another, 1992 Mass. App. Div. 149.) See Hoffman vs. Chelsea, 315 Mass. 54 (1943); 1992 Mass. App. Div. 249;DiGesse vs. Columbia Pontiac Co., 369 Mass. 99 (1975), Strong vs. Haverhill Elec. Co., 299 Mass. 455 (1938), Wood vs. Spedani, 328 Mass. 483 (1952); Flanin vs. Monessey, 327 Mass. 217 (1951). While the simplest method of avoiding a “warrant” request error, should there be any evidence, believed or not, supporting a finding for a party, is to allow the request, Hoffman vs. Chelsea, supra, Strong vs. Haverhill Elec. Co., 299 Mass. 455 (1938), the simplest method of permitting substantive appellate review would be to provide the Appellate Division with the facts found by the court. Perhaps it is time to consider a requirement that a judge make findings of fact in all civil cases where counsel for either side make requests for rulings of law or at least where a report of the case to the Appellate Division is requested; at minimum any report should include a report of the subsidiary facts found by the judge. Such a requirement would not be unduly burdensome. In addition to notes made during the course of trial a judge may request that counsel present proposed findings of fact in writing; a judge also has available a taped record of the testimony available for review.
Written findings of fact, demonstrating the court’s determination of credibility and disposition of contradictory evidence, would make irrelevant the “warrant” request, and for that matter, other inapplicable or inappropriate requests for rulings of law, see Liberatore vs. Framingham, 315 Mass. 538 (1944), and Richards vs. Gilbert, 336 Mass. 617 (1958). Findings of fact are central to a proper determination of the existence of error, seeBrodeaurvs. Seymour, 315 Mass. 527 (1944); Foster Cooperstein vs. Turner Brothers Construction, Inc. and another, supra.
In reaching our decision in this case we are also mindful of current strictures governing decisions in the Appellate Divisions. There appears no authority either in statute, rule or case that would permit this court to return the case to the District Court Judge with a request that he make, in a timely fashion, findings of fact. M.G.L.c. 231, §108 and Mass. Dist./Mun. Cts. R. Civ. P., Rule 64(i) specifically describe actions that the Appellate Division may take. They include dismissing the report, with possible imposition of double costs; reversing, vacating or modifying the judgment, or ordering a new trial, in whole or in part. There is no provision for asking a trial judge to make findings of fact, a provision which might aid in the disposition of a great majority of these kinds of cases, reserving the requirement of a new trial to those cases where, for whatever reason, a trial justice was unable to establish a record of the facts found.
As we appear to have no alternative and for the reasons explored in Foster Coo-perstein, supra, the judgment is vacated, and this case is returned to the trial court for a new trial.