Merrigan, J.
The suit underlying this appeal came about as a result of a crushed hand sustained by Linda M. Draleau (Mrs. Draleau) while working as an employee for Miles Kedex Company in Leominster, Massachusetts. Her husband also brought suit on a consortium claim. Miles Kedex is a manufacturer of picture frames and photo albums. Mrs. Draleau was working as part of a three-member team on a production line on January 13, 1992 when her hand was injured in a machine (a wrapper) manufactured by the defendant (Crathern).
Contending that the wrapper should have been designed with a guard, a kill switch, and a hazard warning, Mrs. Draleau sued Crathern on theories of negligent design and negligent failure to warn, and on a claim of breach of warranties of fitness for particular use and merchantability. Crathern asserted that the machine was not negligently designed nor otherwise susceptible to a breach of warranty claim. Crathern also denied that it was negligent in its Mure to warn of a dangerous condition. Crathern responded that its liability, if any, was excused because the reconfiguration of the wrapper and its manner of use by Miles Kedex constituted superseding events in the chain of causation leading to Mrs. Draleau’s injuries. In addition, Crathern denied that it was liable on account of Mrs. Draleau’s own negligence which Crathern asserted exceeded its own.
After a three-day trial in the District Court, judgment entered for Mrs. Draleau and her husband.
On appeal, Crathern asserts, in substance, that the findings made by the Court are insufficient to support the judgment in favor of the plaintiffs, that the finding in favor of the plaintiffs is clearly erroneous and that there was prejudicial error in the denial of certain requests for rulings made by Crathern.
Initially, we must construe the effect of the action taken by the trial judge on the requests for factual findings submitted by Crathern. Crathern submitted 77 requested findings of fact and 78 requests for rulings. Other than the trial court form utilized by the judge denoting his ultimate finding in favor of the plaintiff,[2] which recites “I find for the ...,” no other specific subsidiary or ultimate factual findings were made by the judge. Instead, the trial judge either allowed or denied the requested findings of facts presented by Crathern in numbered paragraphs.[3] *2 We treat these findings as the judge’s findings and now examine them to determine whether they support the judgment entered.
In this case, the judge authored no affirmative subsidiary findings showing how, on the issues of negligence and warranty in relation to defenses of comparative negligence and superseding cause, he concluded that Crathern was liable for Mrs. Dra-leau’s injuries. The record does not indicate whether, in the judge’s analysis, Crathern was liable on grounds of negligent design, negligent failure to warn, breach of warranty of merchantability, breach of warranty of fitness, or any combination thereof. The findings do not reveal how a determination of Crathern’s liability was reached in view of the asserted claims of superseding cause and comparative negligence.
Even though not required by Dist./Mun. Cts. R. Civ. R, Rule 52 to make findings of fact in a non-jury trial, once the judge undertakes to do so, they are subject to appellate review as to sufficiency and correctness."... [A] judge must make findings sufficient to ... [demonstrate] that [the judge] has dealt fully and properly with all the issues and that the parties involved and the appellate courts may be fully informed as to the basis of the judge’s decision.” Fontaine v. Hunter, 1994 Mass. App. Div. 175 (1994).
We are at a complete loss to know how the judge reconciled significant material conflicts in the evidence in order to arrive at a finding of liability against Crathern. We note that the judge denied and otherwise traversed the proposed findings of fact by Crathern that would have been in conflict with his ultimate finding in favor of the plaintiffs. However, this method of fact-finding employed by the judge was not adequate to serve the fact-finding function required of the judge in this case.
Our review of the evidence reveals the following: The machine (a wrapper) was manufactured in 1981 and sold in 1982 by Crathern to an unidentified purchaser. Subsequently, it was sold secondhand to Miles Kedex by another company (R.S. Northern) which was in the business of acquiring, reconditioning and reselling machines made by Crathern. Crathern had no knowledge that Miles Kedex was an owner of one of its wrappers. The wrapper, as manufactured by Crathern in 1981, was intended to be used as part of a three-module production unit. The other two machines to be utilized as part of this set up were a gluer and a spotter. When used as part of the three machine unit, the wrapper was fully automated and its operation in the production line did not require the function of human labor. Under this set up, the production process did not require nor even permit the activity that was being performed by Mrs. Draleau when her hand became injured. As such, if the machine was used as intended, a guard was not necessary. Moreover, as part of a three-module set up, a guard could not have been installed in any event because there was not any room in this configuration for its installation.[4]
It does not appear that Crathern would, on these facts as we view them, be liable on a negligent design claim or a breach of warranty of merchantability or fitness theory. As such, the strongest case for Crathern’s liability appears to be negligent failure to warn, in the manual and/or on the machine, that if the wrapper was used as a free standing hand-fed machine, then a guard was necessary. However, this theory of liability is troublesome also because we are dealing with industrial machinery and not wholesale consumer products where warnings against latent dangers are more clearly associated with injury prevention.[5] Moreover, if Crath-ern’s liability turns on a negligent failure to warn, the evidence to support this finding is minimal, particularly as to the causal link between such failure and the injuries. The plaintiff’s experts did not offer evidence of research or other hard *3 data on what benefits accrue from such warnings and what the likelihood was that Mrs. Draleau would not have been injured if a warning had been present.
Moreover, Miles Kedex’s negligence was a substantial factor contributing to Draleau’s injuries. Under OSHA and safety standards, Miles Kedex had a completely independent obligation to install a guard, especially under circumstances where an employee was engaged in piecework on an assembly line under great pressure to keep up with product moving in her direction at a rapid rate. This obligation of Miles Kedex is even more particularly compelling in view of the fact that this production process was the complete result of its own creation and unique set up. Miles Kedex was cited by OSHA for the condition of the machine and its failure as employer to make it safe for employee use. A kill switch on the side of the machine where Mrs. Draleau was working would not have prevented the injury but may have reduced the extent of her injuries although the evidence is not clear on this. Moreover, the on-off power control switch and the red emergency shut-off control were designed for an automatic-feed three-module unit where an employee was turning the power on and off from a particular location. A kill switch where the hand-fed product enters the rollers would only be relevant to the machine as reconfigured by Miles Kedex. For these reasons, Miles Kedex clearly had an independent obligation to install a guard and a kill switch based upon OSHA and safety standards when it put the machine into production in the fashion that it did in this situation. As such, the wrapper, and its use on the production line, had been substantially reconfigured by Miles Kedex to meet the unique production process employed by Miles Kedex.
Thus, on our review of the evidence, we conclude that the ultimate finding against Crathern was clearly erroneous.
In addition, we also conclude that there was prejudicial error in the denial of certain requests for rulings presented by Crathern because at trial there was evidence upon which a trier of fact could have found in favor of Crathern as to those requests. In substance, Request Nos. 109 and 124[6] assert that there was evidence on which a finder of fact could conclude that the proximate cause of Mrs. Draleau’s injuries was not Crathern. These requests should have been allowed unless there was “no evidence, believable or not, to support a finding for the requesting party.” Gibbons v. Nichols, 1994 Mass. App. Div. 18. In this case, there was evidence upon which a trier of fact could have found that the proximate cause of Mrs. Draleau’s injuries was not the negligence or breach of warranty of Crathern but instead that her injuries were the proximate result of the negligence of Miles Kedex, or as a result of the comparative negligence of Mrs. Draleau. As such, the denial of these requests was prejudicial because the findings made by the judge do not otherwise indicate that he accepted the existence of such evidence notwithstanding his judgment in favor of Mrs. Draleau.
We conclude that the finding against Crathern was clearly erroneous, and because of the absence of subsidiary findings to support the judgment in favor of Mrs. Draleau and the prejudicial denial of Request Nos. 109 and 124, reversal is required.
Accordingly, the judgment for plaintiff Linda M. Draleau and plaintiff Armand Draleau is reversed and judgment shall enter for the defendant Crathern Engineering Co., Inc.

 As employed by the trial judge, the form stated: “In the above entitled action I find for the Plaintiffs and assess damages in the sum of $300,000.00, interest $66,000.00, costs $210.00 for a total of $366,210.00.”

 Of the 77 requests for findings of fact, on two the judge responded “allowed but I do not so find.” For our purposes, we interpret this as a denial of the proposed finding.

Crathern sold a guard to be installed if the machine was to be free standing and not part of a three module operation. Of the 320 similar machines (wrappers) sold by Crathern, only one purchaser has acquired a guard from Crathern.

We do not suggest that the duty to warn is inapplicable to industrial equipment and machinery.

No. 109 The evidence is insufficient to show that any negligence of Crathern was a proximate cause of the Plaintiff’s injuries.
No. 124 The evidence is insufficient to show that any breach of warranty by Crathern was a proximate cause of the Plaintiff’s injuries.