Merrigan, J.
Following a bench trial in the Milford District Court, the plaintiff Joseph M. Dias appeals pursuant to Dist./Mun. R. A D. A, Rule 8C from a judgment for the defendant K-Mart Corporation.
From the evidence presented, the judge could have found the following facts. Dias and his wife went shopping at the K-Mart in Attleboro, Massachusetts, on January 19,1992. They arrived shortly after opening and after selecting four packages of mini-blinds in a section of the store that sold such household goods, they proceeded to the cash register. While Dias was carrying the four packages in his arms, he tripped, fell, and sustained personal injury.
Dias argues two points on appeal. First, he asserts that the denial of his ninth request for ruling was error. Second, Dias contends that the failure of the trial judge to make findings of fact was error. On this point, in its distilled form, it is the substance of Dias’ argument that the judgment was against the weight of the evidence and that if made, findings of fact would have inevitably led the judge to a judgment in Dias’ favor.[1]
The issue of the requested ruling.
The plaintiff’s ninth request was, “The plaintiff must prove that the article was seen by or was in plain view of the defendant’s agents” (emphasis in original). As to this request, the judge stated, “No. 9 is denied since the request serves to imply that the plaintiff need only prove that the article was in plain view.”
Request No. 9 was properly denied as it is not a correct statement of applicable law. Moreover, Request No. 9 as presented encompasses a legal standard far more onerous to Dias than the law actually requires. The law does not require that the plaintiff either prove actual sight of the foreign object by, or that it was in plain view of, the defendant’s agents. Actual observation of such an object or its plain view location are of course relevant to proof of liability. However, a plaintiff who cannot prove actual observation of a foreign object by, or its plain view location to, the defendant’s agents is not foreclosed from recovery as a matter of law. This ruling was properly denied and despite Dias’ contention that denial was error, it would have been erroneous as to Dias to allow this request.[2]
The findings of fact issue.
As to the second issue raised by Dias, the short answer is that Dist./Mun. Cts. *84 R. Civ. R, Rule 52(a) does not require findings of fact in a bench trial. The rule provides that the court “may” find facts. However, once a judge undertakes to make findings they must be adequate and be supported by the evidence. Draleau v. Crathern Engineering Co., Inc., 1996 Mass. App. Div. 1. The cases relied upon by Dias are inapplicable because in those cases the judge made findings of fact that were inadequate as to key issues in the case, e.g., Avis Rent-A-Car System, Inc. v. Vogel, 16 Mass. App. Div. 133 (1959) and Fontaine v. Hunter, Mass. App. Div. 175 (1994). In other words, although it is not required that a judge make findings of fact and although a judgment will not be reversed where no factual findings are made, if the judge elects to make findings, and if challenged on appeal, then they will be examined to be certain that they are adequate to reveal the judge’s resolution of dispositive facts and that they are supported by the evidence.
As to Dias’ argument that the judgment in favor of K-Mart was against the weight of the evidence, our review of the record reveals ample evidence to support the judge’s conclusion that Dias had not met the required burden of proof. To the extent that it was the judge’s conclusion that Dias tripped for unknown reasons and that he did not slip on a foreign object, this view of the facts is entirely reasonable and well supported by the evidence presented.
Accordingly, the judgment is affirmed.

 K-Mart Corporation argues in its brief that it was error for the trial court to deny its motion for summary judgment. K-Mart has not appealed and this issue is not preserved for review.

 We do not necessarily agree with the trial judge’s view that the request as phrased implied that the plaintiff “need only prove that the article was in plain view.”