Welsh, J.
This is a civil action brought by sellers of real estate against the real estate brokers for the return of the brokers’ commission paid in connection with the sale of the plaintiffs’ property. The complaint proceeded on several theories, including G.L.C. 93A breach of fiduciary obligation, money had and received and a violation of G.L.C. 112, §87RR. A count for declaratory relief was dismissed essentially because of lack of subject matter jurisdiction. The principal gist of the action is the claim that the brokers breached their fiduciary duty to their customers by failing to disclose to them their relationship with the purchasers.
The trial judge found that a violation of G.L.c. 93A occurred by reason of the defendants’ failure to disclose to the plaintiffs that they had represented the customer who purchased plaintiffs’ home in an approximately contemporaneous sale of the customers’ home to other persons. The judge awarded counsel fees and interest but declined to double or treble the damages because he did not find that the violation was knowing or intentional.
The defendants contend that the findings as to breach of fiduciary duty and the order to forfeit the brokers’ commission was not supported by the evidence, that the subsidiary findings did not warrant the general finding for the plaintiffs, and that the findings were “clearly erroneous.” Kendall v. Selvaggio, 413 Mass. 619, 620-621 (1992).
The plaintiffs cross appealed, contending that the judge erred in failing to award double or treble damages under G.Lc. 93A
We determine that the defendants’ appeal must be dismissed by reason of failure to cite any action upon requests for rulings of law as a basis for the appeals and that the plaintiffs’ cross appeal be dismissed by reason of no prejudicial error of law.
1. Appellate Divisions of the District Courts do not have jurisdiction to review a trial judge’s findings of fact as such. A party may appeal to the appellate divisions only with respect to the court’s action on a ruling of law and not on a finding of fact. Butler v. Cromartie, 339 Mass. 4, 6 (1959). The new Rules of Appellate Procedure do not dispense with the requirements concerning requests for rulings of law. MARC G. PERLIN AND JOHN M. CONNORS, HANDBOOK OF CIVIL PRO *143 CEDURE IN THE MASSACHUSETTS DISTRICT COURT, (1997 Supplement) §12.4; Macone Brothers, Inc. v. Strauss, 1997 Mass. App. Div. 95. Although requests for rulings were filed, neither the notice of appeal nor the appellants’ brief refers specifically to any rulings of law voluntarily made by the court or in response to a ruling requested by a party as a basis for aggrievement on appeal. The new Rules do not enlarge the jurisdiction of the Appellate Division. Rule 1 (b), Dist./Mun. Cts. RADA. In fact, it is contemplated that a party not only present proper requests for rulings prior to final argument, or within such further time as may be permitted by the trial judge, see Rule 64A of the Mass. R. Civ. R, but also that the notice of appeal contain a copy of the request for rulings and the judge’s action thereupon which form the basis for review. Rule 3(c) (3 & 4). As was pointed out in the Macone case, the fact that an appeal proceeds under Rule 8C based upon a record of the proceedings does not transform the scope of the appeal into a review of the judge’s findings of fact should he elect to make such findings. See Rule 52(c), Mass. R. Civ. P.
2. The cross appeal by the plaintiff discloses no prejudicial error. Although the trial judge may have been warranted in finding a knowing and intentional violation of G.L.c. 93A he was not required to do so. Mannion v. Norwood Aviation, Inc., 1981 Mass. App. Civ. 175, 176; Jensen v. Jordan, 1994 Mass. App. Div. 82, 83. Compare Piccuirro v. Gaitenby, 20 Mass. App. Ct. 286, 292-293 (1985).
The appeal and cross appeal are dismissed.
So ordered.