Merrigan, J.
After trial in the Worcester District Court, the plaintiff Kenneth F. Rep-kie (Repkie) was awarded judgment and damages in his claim again Wal-Mart Stores, Inc. (Walmart). Walmart appeals pursuant to Dist Mun. Cts. R A. D. A, Rule 8C.
Repkie’s claims were made as a result of injuries he sustained while shopping at Sam’s Club in Westborough, Massachusetts. From the evidence, the trier of fact could have made the following findings:[1]
Repkie went shopping with his wife at Sam’s Club on June 3,1995 at about 10:00 a.m. Repkie’s wife was ahead of him a short distance in the main aisle in an electric shopping cart. There were several product demonstrations in that area of the store. As Repkie proceeded past the area of a stir-fry demonstration, he stepped on a pea pod on the floor. Pea pods were among the food items being stir-fried. This happened about two feet away from the demonstration table where the cooking and serving was being done. When Repkie’s foot skidded on the wet and oily pea pod, he lost his balance and fell into a roll-away freezer. He struck his chest against the freezer and he immediately felt pain. After filling out a store accident report, Repkie went to the UMass Medical Center emergency room. He was given outpatient treatment and provided with medication, and was released. That night, while sleeping, he felt and heard a snap in his chest. He returned to the UMass Medical Center the next morning. As a result of injuries sustained on June 3,1995 at Sam’s Club, Repkie was treated for bruised ribs and spleen. In the course of the next few months he saw his own primary care physician, received physical therapy and was seen by a specialist at the VA Clinic in Jamaica Plain.
On appeal, Walmart argues that there was no evidence that Walmart’s employees put the pea pod on the floor, that Walmart knew of any food substance on the floor, or that Walmart had any opportunity to remove it. Walmart also argues that there was no medical evidence connecting Repkie’s medical treatment to the medical records and medical bill submitted pursuant to G.L.c. 233, §79G. With respect to the latter issue, our review of the testimony and the exhibits makes it perfectly *238 clear, notwithstanding the absence of expert testimony, that the medical treatments (and bill submitted) were for injuries sustained by Repkie at Walmart on June 3,1995. “The statute, without further certification of the agent, makes the bill itself evidence that the itemized services were necessary and the charges fair and reasonable. The amended statute also gives evidentiary weight, and an exception to the hearsay rule, to the medical diagnosis and other opinions expressed in the treatment records.” Gompers v. Finell, 35 Mass. App. Ct. 91, 94 (1993). The medical records, including a medical history concerning the June 3, 1995 episode at Sam’s offered pursuant to G.L.c. 233, §79, accompanied by the testimony of Rep-kie, provide sufficient competent medical evidence demonstrating the causal connection associating Repkie’s treatment with his fall at Sam’s on June 3,1995.
Walmart argues that it cannot be liable because there was no evidence of negligence by Walmart The evidence belies this assertion. On the day in question, Wal-mart employees were conducting several product demonstrations at stations located in the aisle where Repkie and his wife were shopping. Several of these demonstrations were located in close proximity to each other. From the evidence, the trier could have found that the employee at the stir-fry station was not paying full attention to her duties, i.e., she was visiting with other employees at nearby stations at the time that Repkie and his wife were passing by. The inference can be drawn that if she had been diligent in her duties, she would have discovered the pea pod which was in her assigned work area and part of her specific responsibilities.
This case is outside the ambit of the “slip and fall” cases relied upon by Wal-mart.[2] This case is different because Walmart was conducting a food show that created special and specific hazards for which Walmart had a duty of reasonable care. ‘The duty of the defendant to its invitees is that it is ‘bound to use due care to keep that portion of the premises provided for the use of the patrons in a reasonably safe condition, and to warn them of any dangers that might arise from such use by reason of and condition of the premises, which were not likely to be known to its patrons and of which the defendant knew or ought to have known.’” Young v. Food Fair, Inc., 337 Mass. 323, 324 (1958), quoting Berube v. Economy Grocery Stores Corp., 315 Mass. 89, 91 (1943). Moreover, in this case, store employees were specifically assigned to provide product samples to customers and to protect them from unique hazards of the displays used to distribute to patrons the product samples. These hazards might result from food samples on the floor, cables or wires used to operate stoves or other cooking apparatus, or danger from the equipment used. Walmart employees had a specific duty to be certain that the demonstration posed no risk of harm to its customers. Foley v. F.W. Woolworth, 293 Mass. 232, 234 (1936) (employee waitress could have and should have seen foreign substance from her assigned station); Gallagher v. Stop & Shop, Inc., supra (foreign substance in clear and plain view of store employees assigned to work station nearby).
There was adequate evidence to support the finding and judgment against Wal-mart.
The judgment is affirmed.

 The judge did not author his own findings of fact. Rather, he acted on the plaintiff’s proposed findings by allowing or denying them. We again point out that this does not fulfill the fact-finding function. Moreover, this approach often produces inadvertent error by the trial judge. Because some proposed findings are invariably denied, those that are allowed frequently are not sufficient to support the judgment. Likewise, they often fail to address all issues relevant to the actual theories of liability on which the judgment rests. Fortunately, that was not the case here, but see Linda M. Draleau and Armand Draleau v. Crathern Engineering Co., Inc., 1996 Mass. App. Div. 1.

 Slip and fall cases on which Walmart relies require a showing by the plaintiff that the store owner knew or should have known of a foreign substance which originates in an unknown manner. These cases do not apply because we are concerned here with circumstances where “[tjhe obligation rested upon the defendant to keep its [premises] reasonably safe for its [customers].” Anjou v. Boston Elevated Railway Co., 208 Mass. 273, 274 (1911). The injuries sustained by Repkie were the result of “the acts of person for whose conduct the defendant was responsible.” Gallagher v. Stop & Shop, Inc., 332 Mass 560, 562 (1955).