Merrigan, J.
The plaintiff brought suit against the landlord for injuries suffered when he fell in an unlit stairway. The plaintiffs complaint included a count for negligence and a count for violation of G.L.c. 93A. After a trial before a District Court judge, a finding issued. The finding of the judge was “for the plaintiff on both counts ... in the sum of [$26,007.97] on each count. Attorney’s fees as determined under M.G.L. Ch. 93A. Limited to one recovery.”
The judgment prepared by the Clerk doubled the $26,007.97 award and judgment was entered in the amount of $52,015.94, with interest calculated on that amount, and costs.
Acting on the defendant’s motion to correct or amend the judgment, the trial judge ruled that it was not his intent “to award $26,007.97 twice” and directed entry of a new judgment in the amount of $26,007.97 plus costs and attorney’s fees in the amount of $8,580.
The plaintiff has filed an expedited appeal pursuant to Rule 8A of Dist./Mun. Cts. R. A. D. A. The plaintiff contends that the judge’s actions in allowing the plaintiff’s findings of fact, and in allowing some of the proposed findings on rulings of the defendant, compel a doubling of damages pursuant to G.L.c. 93A.[1]
The plaintiff misapprehends the effect of the judge’s action in response to the plaintiff’s proposed findings of fact and the defendant’s request for rulings. In his brief, the plaintiff argues that the judge “specifically found that Defendant Deep’s *186 conduct was not only negligent, but was a willful and knowing violation of G.L.c. 93A, §§2, 9.” The judge made no such specific finding.At best, the judge allowed proposed findings of fact that could have supported such specific findings, although he did not do so in this case. Thus, the judge did not make findings, as the plaintiff contends he did, that the defendant’s conduct was a wilful and knowing violation of G.L.c. 93A §2. Likewise, even though the judge allowed a proposed finding that the defendant’s offer in response to the 93A demand letter “was not made in good faith,” it does not mean that the judge made a finding that the defendant’s response was a “refusal to grant relief upon demand ... made in bad faith with knowledge or reason to know that the act or practice complained of violated section two.” Such a finding under the statute[3] would entitle the plaintiff to double or triple damages. Given the fact that the judge revisited the damages issues in this case when he corrected the error that had been made when the damages were doubled by the clerk, it is clear that it was not the intent of the judge to make a finding under c. 93A that would have entitled the plaintiff to double damages. “Although the trial judge may have been warranted in finding a knowing and intentional violation of G.L.c. 93A, he was not required to do so.” Edmund M. Hurley, and another v. Chobee Hoy Associates Real Estate, Inc., and others, 1997 Mass. App. Div. 142.
Accordingly, the judgment is affirmed.

 The plaintiff submitted 34 requests under the general caption Plaintiff’s Proposed Findings of Fact and Rulings of Law. Despite the fact that most if not all said 34 requests are proposed findings of fact, the judge entered “Disposition of Requests for Rulings,” allowing some and denying others. In effect, the allowed findings became the findings of fact of the judge. Although not material to the outcome in this case, we again reiterate our concern that the practice by judges of making findings by allowing or denying proposed factual findings is often problematic. “[T]his approach often produces inadvertent error by the trial judge. Because some proposed findings are invariably denied, those that are allowed frequently are not sufficient to support the judgment. Likewise, they often fail to address all issues relevant to the actual theories of liability on which the judgment rests. Fortunately, that was not the case here, but see Linda M. Draleau and Armand Draleau v. Crathern Engineering Co., Inc., 1996 Mass. App. Div. 1.” Reipke v. Walmart, 1998 Mass. App. Div. 237. The defendant submitted properly framed requests for rulings, most of which were denied by the judge.

 This is a good example of the problems encountered when the judge fails to author narrative findings of fact, and instead, uses the facts proposed by the parties.

 The plaintiff arrives at his view that the judge so found by combining various facts found (some of those that were proposed and allowed by the judge) with various requests for rulings by the defendant that were allowed by the judge, which the plaintiff treats as if affirmative findings of fact had been made with respect to the factual element of the requested ruling. When a judge allows a request that the evidence “warrants” a finding for a party, it does not mean that the court actually found in the party’s favor as per the content of the warrant request. Rather, allowing a warrant request merely means that the trial judge ruled that the trier of fact could have found the fact contained in the ruling.