Merrigan, J.
This appeal seeks review of a judgment on a promissory note entered against S. Anthony Caprera in the Central District Court of Worcester. The judge made findings by either allowing or denying the proposed findings of fact submitted by Caprera. In so doing, the judge allowed 10 of the proposed 21 findings of fact and denied the rest.[1] All 11 of Caprera’s requested rulings of law were denied by the judge. The trial judge ruled that plaintiff Kesselli & Morse’s requests for findings of fact and rulings of law were waived in view of the finding in favor of Kesselli & Morse.
*145 On appeal, the defendant makes four arguments: (1) that the judge committed error in not allowing Caprera’s motion to dismiss; (2) that the allowance of an award of attorneys’ fees was incorrect; (3) that the calculation of interest on the judgment was improper; and (4) that the finding for Kesselli & Morse was “contrary to the weight of credible evidence.”[2]
The Motion to Dismiss
The elaborate affidavit in support of the motion to dismiss is basically a rehash of the issues that are raised by Caprera in his defense to liability on the note. The motion to dismiss was filed immediately prior to trial and contended that Kesselli & Morse had perpetrated a fraud on the court by not disclosing that a partial payment by Caprera had, reduced the liability on the note by $22,000. The trial judge deferred ruling on the motion until after he had heard the evidence in the case. The judge listened to the witnesses during the trial and considered the issues of fraud raised by Caprera, and he took no action on the motion. “A ‘fraud on the court’ occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system’s ability to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party’s claim or defense.” Rockdale Management Co. v. Shawmut Bank, NA, 418 Mass. 596, 598 (1994) quoting Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1118 (1989). Our review of the record reveals that no such “fraud on the court” occurred in this case. Treating the inaction of the judge as a denial of the motion, we conclude that it was well within the judge’s discretion to deny the motion to dismiss and there was no error.
The Attorneys’ Fees
Caprera argues that it was error for the judge to base an award of attorneys’ fees on the provision in the promissory note because the language in the note was incomplete.
The Court awarded attorneys’ fees to Kesselli & Morse based upon language in the promissory note drafted and executed by Caprera that had a provision for attorneys’ fees. The language in the promissory note stated: “The Maker further agrees that if an attorney, or an agent, is employed to collect this promissory note, he will pay a sum equal to_percent (%) as an attorneys’ fee or the amount prescribed by law.”
The judge concluded that the parties intended to provide for attorneys’ fees by the terms of the promissory note drafted by Caprera. It is disingenuous for Caprera, an experienced attorney well versed in real estate development, to contend that the promissory note and the language drafted by him, and assented to by his signature, cannot be construed as an indication of his intent to be bound to the terms of the promissory note. The amount of the award for attorneys’ fees was well within the judge’s discretion and there was no error.
The Calculation of Interest
This case was filed in January, 1989, and was heard before a District Court judge in December, 1990. A mistrial was declared in December, 1993, by a second judge, because the first judge had misplaced the case file and trial documents. The case was retried in September, 1994, before a third judge. Following the retrial, judgment was entered against Caprera and statutory interest was calculated as provided by G.L.C. 231, §6C.
Caprera contends that interest should be excluded for the time period from the date of the first trial to the date of the judgment in the second trial. It is certainly *146 understandable that Caprera would feel aggrieved by interest attributable to a time period which was the result of the mishandling of the case file by the court. Under the statute governing the calculation of interest on damages in contract actions, interest commences “from the date of the breach or demand.” Adding interest to damages in a contract action from the date of breach or demand is intended to compensate the prevailing party in the breach of contract action for the loss of the use of the money and otherwise restore the contracting party to a no loss position. In a contract action, the addition of interest is in the nature of damages. The “primary purpose” of interest is “to compensate a damaged party for the loss of use or the unlawful detention of money.” Conway v. Electro Switch Corp., 402 Mass. 385, 390 (1988). The clerk’s calculation of interest was proper and in conformity with the statute.
The Weight of Credible Evidence
Finally, Caprera contends that the finding for Kesselli & Morse was contrary to the weight of credible evidence. From the evidence, the trial judge could have made the following factual findings.
Kesselli & Morse is a company that supplied building materials to certain real estate projects that Caprera and his realty trust partners were developing. One of Caprera’s partners was an individual named Gerald Lapierre who was the principal in G.J. Lapierre General Contracting Company (Lapierre Contracting). Lapierre Contracting was the general contractor for the real estate projects that Caprera and partners were involved in. Lapierre Contracting also had its own accounts with Kesselli & Morse. In 1988, Lapierre Contracting became seriously delinquent in its payments to Kesselli & Morse, including the accounts pertaining to the real estate projects that Caprera and partners were involved with. In November, 1988, Caprera and his partners signed a demand note drafted and typed personally by Caprera whereby they obligated themselves to Kesselli & Morse in the amount of $34,000. Kesselli & Morse brought suit on the promissory note in 1989 when Lapi-erre Contracting was unable to pay its bills to Kesselli & Morse.
In response to the suit on the promissory note, Caprera contends that there is no consideration for the promissory note because the $34,000 represents the materials delivered to jobs that had nothing to do with partnership projects. Caprera claims that he was fraudulently induced to sign the promissory note because Kes-selli & Morse, and Lapierre, represented to him that the amounts were for partnership jobs. Kesselli & Morse assert that the consideration for the promissory note was twofold: One, its forbearance from initiating collection proceedings against Lapierre Contracting for all of the Lapierre Construction accounts, some of which included materials furnished to partnership projects. Kesselli & Morse contend that this consideration was of benefit to Caprera to the extent that Kesselli & Morse did not seek mechanics liens, attachments or other relief against the partnership projects. Two, consideration was found in Kesselli & Morse’s agreement to continue to provide materials to Lapierre Contracting if security for the account was provided by the promissory note. According to Lapierre, his delinquency to Kesselli & Morse was because Caprera and his partners owed him substantial amounts of money for partnership projects. Kesselli & Morse credited against the promissory note a partial payment of $22,000 derived in part from bank financing and in part from a $10,000 payment from Caprera.
Evidence at trial included testimony from Richard Kesselli, Treasurer and CEO of Kesselli & Morse, S. Anthony Caprera, Gerald Lapierre, and Robert L. Hamer (counsel for Kesselli & Morse on the fraud issue). The trial transcript makes it apparent that there were hard feelings between the witnesses. It was tire function of the fact-finder to consider the credibility of the witnesses and to resolve the conflicting versions of events. As an appellate court we are in no position to second guess the trial judge on the value of “the weight of credible evidence.” It is for the *147 trial judge to observe the demeanor and behavior of testifying witnesses and make the determination of who to believe, how much to believe and assign weight to what is believed. Caprera’s contention that the finding for Kesselli & Morse was “contrary to the weight of credible evidence” is without merit.

 In our view, this approach to fact finding is not particularly helpful. It can lead to situations where even though the “allowed” facts are supported by the evidence, the lack of additional findings by the judge results in a judgment not supported by factual findings or a judgment where the theory of liability is unclear. See Draleau, et al v. Crathern Engineering Company, Inc., 1996 Mass. App. Div. 1.

 Caprera does not argue that the denial of his requested rulings was error nor does Caprera argue that the evidence as a matter of law was insufficient to warrant a finding in favor of Kesselli & Morse.