Coffey, J.
The defendant in this matter, Daniel Verrochi d/b/a Va Rocki Activewear (“Verrochi”), filed this appeal pursuant to Dist./Mun. Cts. R.A.D.A., Rule 8C. Verrochi has raised numerous claims of error regarding the trial judge’s finding against him and in favor of the plaintiff, Beantown Sports, Inc. (“Beantown”).
Beantown brought an action against Verrochi for breach of contract and sought damages of $24,645.53. Beantown alleged that it had sold sports apparel to Verrochi and that Verrochi had failed to pay for the goods. Verrochi answered and filed a counterclaim, alleging fraud, misrepresentation and deceit (Count 1), abuse of process (Count II) and violation of G.L.c. 93A (Count III). Verrochi subsequently amended the counterclaim and added Count IV, which alleged .a violation of G.L.c. 93A in connection with a specific invoice issued by Beantown to Verrochi.
Verrochi’s first claim on appeal is that the trial judge erred in finding for Beantown on Count III of the amended counterclaim, the alleged G.L.c. 93A violation. Under G.L.c. 93A, §2(a), “[ujfair methods of competition and unfair or decep *283 tive acts or practices in the conduct of any trade or commerce” are prohibited. A person who suffers a loss of money or property as a result of the conduct proscribed under section 2(a) is entitled to recover damages under G.L.c. 93A, §11. Verrochi’s claim is that the trial judge should have awarded damages under G.L.c. 93A, §11 because, in Verrochi’s view, the trial judge made findings that were consistent with a violation of G.L.c. 93A, §2(a).
In her memorandum of decision, the trial judge found that “both parties ... engaged in unfair and deceptive acts and practices.” That finding, however, did not entitle Verrochi to damages under G.L.c. 93A, §11. Rather, it was a statement of the general finding by the trial judge that both sides were at fault in this matter because both had falsified certain documents. Beantown had previously issued a fabricated invoice to Verrochi for $19,326.00, which Verrochi paid. For that reason, the trial judge subtracted the $19,326.00 amount from the $24,645.53 that Verrochi owed to Beantown and awarded Beantown the balance of $5,319.53 in damages.
The trial judge also found that Verrochi falsified an invoice that purported to show a sale in the amount of $27,468.00 as void when the $27,468.00 amount was still outstanding and owed. The trial judge was presented with ample evidence from which she could have concluded that Verrochi falsified the invoice to make it appear as if this sale had been voided. An employee of Beantown testified that the Beantown logo on the document was an inaccurate imitation of the logo. The employee also testified that the font used was not the same font used by Beantown. For these reasons, we are satisfied that the trial judge committed no error in rejecting Verrochi’s G.Lc. 93A claim on both Count III and Count IV of the amended counterclaim.
To bolster its claim that Verrochi had falsified the invoice in this manner, Beantown also presented ample evidence that it had issued a proper invoice to Verrochi for this transaction and that Verrochi failed to pay for the merchandise that he received. Beantown presented evidence from several witnesses regarding the invoice and the merchandise that it covered. Under Mass. R. Civ. R, Rule 52(c), “[findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.”[1] We cannot say that the trial judge’s findings regarding these invoices were clearly erroneous. See Kesselli & Morse Co. v. Caprera, 1997 Mass. App. Div. 144, 146 (appellate court not permitted to “second guess” the trial judge’s assessment of the evidence, including the contradictory evidence).
Verrochi originally filed this appeal pursuant to Dist./Mun. Cts. R.A.D.A., Rule 8A, which permits the appellant to file an expedited appeal. Beantown objected to proceeding in this manner because the proposed undisputed facts put forth at that time did not, in Beantown’s view, include all of the facts relating to the appeal. Verrochi then filed the appeal on the record of proceedings pursuant to Dist/Mun. Cts. R.A.DA., Rule 8C. He now asserts that Beantown’s objection to the expedited appeal was frivolous and in bad faith, thereby entitling Verrochi to costs. We reject the argument as entirely without merit. We also reject Beantown’s request for the *284 attorneys fees and costs incurred in defending this appeal.
Accordingly, we affirm the trial judge’s finding in favor of Beantown and the award of $5,319.53 in damages. Verrochi’s appeal is dismissed.

 This language appeared in the version of Mass. R. Civ. R, Rule 52(c) that was in effect at the time of the trial, and it remains in the amended version of Rule 52 that became effective on March 1, 2008.