AGNES F. DRAKE-BENDER *vs.* MARY GALVIN & others.    May 9, 1974.    This is an appeal under G. L. c. 231, § 109 (transferred by the Supreme Judicial Court to this court; G. L. c. 211A, § 12), from an order of the Appellate Division denying a petition to establish a report.    Rule 30 of the District Courts (1965).    The controversy arises out of the denial by the District Court of a request by the plaintiff (the petitioner) for an appeal to the Superior Court (see G. L. c. 231, § 97) of actions of tort for conspiracy which she originally brought in the District Court.    The District Court had found for the defendants (respondents).    We agree with the District Court and the single judge of the Appellate Division who ruled that the plaintiff's amended draft report did not comply with Rule 28 of the District Courts (1965).    It is to a large extent in the nature of a brief and does not "set forth in clear and concise terms . . . the state of the case at which and the manner in which the . . . [requests for rulings] arose . . . and . . . facts essential to a full understanding of the questions presented."    See *Altshuler* v. *Field,* 336 Mass. 761, 762 (1958).    In any event, there is nothing in the point which the plaintiff has argued.    See *Redfield* v. *Abbott Shoe Co.* 335 Mass. 208, 209 (1957).    General Laws c. 231, § 97 (prior to St. 1973, c. 1114, § 193), on which the plaintiff relies, does not permit her to appeal these cases to the Superior Court since the statute applies to a "civil action which could not have been removed to the superior court . . .."    Since the ad damnum in this case was less than $2,000, the defendants could have exercised "the right of removal" (*Orasz* v. *Colonial Tavern, Inc.* 365 Mass. 131, 132, 134 [1974]) "within ten days after notice of the decision or finding."    G. L. c. 231, § 104, as amended by St. 1965, c. 377.    That statute does not preclude removal when the ad damnum is less than $2,000, but merely regulates the time of removal in such cases.    Furthermore, these tort actions could have been brought in the Superior Court.    G. L. c. 212, § 4.    The plaintiff having brought them in the District Court "waived [with exceptions not here material] a trial by jury and h[er] right of appeal to the superior court . . .."    G. L. c. 231, § 103.    See *Lynn Gas & Elec.*

*Co.* v. *Creditors Natl. Clearing House,* 235 Mass. 114, 115 (1920). Contrast *Freedman* v. *Rent Control Admr. of Cambridge,* 1 Mass. App. Ct. 836.

*Order denying petition affirmed.*

*Agnes F. Drake-Bender,* pro se.