AMOCO OIL COMPANY, INC. *vs.* BUCKLEY HEATING, INC. July 29, 1986.
*Contract*, Indemnity. *Damages*, Breach of contract.

At issue is whether an indemnity clause in a "Jobber Contract" between Amoco Oil Company, Inc. (Amoco), and Buckley Heating, Inc. (Buckley), covered the expenses of defending a lawsuit. Amoco supplied petroleum products to Buckley which Buckley sold, among other places, at a gas station in Westport. Persons injured by a gasoline spill at the Westport station brought an action against Amoco and Buckley. As against Buckley, the plaintiffs recovered a judgment. A judgment was entered in favor of Amoco pursuant to an agreement for judgment. The residual controversy is whether Buckley was obliged, under the indemnity clause, to reimburse Amoco $22,595.39 for legal fees and costs incurred by Amoco in its successful defense of the action arising out of the gasoline spill.

1. *The reach of the indemnity clause.* The indemnity clause provided: "BUYER [Buckley] shall indemnify SELLER [Amoco] against all liabilities, losses and claims for death, personal injury or property damage (including the parties and their employees) and all social security taxes or old age benefits or disability benefits that may be applicable to BUYER or its employees arising out of or in connection with the performance of this contract, or the shipment, delivery, storage, handling, use, or sale of any and all products covered by this contract, or the use, by BUYER of any of SELLER's property, whether real or personal." Buckley argues that the failure of the indemnity clause to speak expressly about indemnification of legal expenses either excludes legal expenses from the reach of the clause or renders the clause ambiguous. It has long been held, however, that when a right to indemnity is conferred, by written contract or otherwise, the indemnitee may recover reasonable legal fees and costs incurred in resisting a claim within the compass of the indemnity. *Sears* v. *Nahant*, 215 Mass. 234, 239 (1913). *Hartford Acc. & Indem. Co.* v. *Casassa*, 301 Mass. 246, 255 (1938). See also *General Acc. Fire & Life Assur. Corp.* v. *Smith & Oby Co.*, 272 F.2d 581, 586 (6th Cir. 1959); Annot., 77 A.L.R.2d 1143 (1961). Nothing in *Shea* v. *Bay State Gas. Co.*, 383 Mass. 218, 222 (1981),

is to the contrary because the contractual language before us has an under-stood and inclusive meaning. As the indemnity clause was not ambiguous, the judge properly excluded parol evidence offered to explain its meaning.

2. *Absence of damages.* There is no merit to Buckley's secondary argu-ment that if the indemnity covers legal expenses, it does so only as a component of damages paid by the party to be indemnified; i.e., if the indemnitee defeats an action and, therefore, is not out of pocket for damages, it cannot recover legal expenses. Adopting Buckley's position would lead to the aberrant consequence that an indemnitee would be better off supinely surrendering to a claim, than intelligently resisting it.

3. *Other points.* There was evidence that Amoco had incurred $22,595.39 in legal fees, and it does not appear from the record that Buckley seriously contested the reasonableness of those fees. It is not necessary that Amoco have paid the legal fees to recover them. It is necessary only that they have been incurred. See *Hartford Acc. & Indem. Co.* v. *Casassa*, 301 Mass. at 255.

*Judgment affirmed.*

*Ronald E. Harding* for the plaintiff.
*Michael J. Reed*, for the defendant, submitted a brief.