Fremont-Smith, J.
The plaintiff, Service Merchandise Company, Inc. (“Service Merchandise”), brought this declaratory judgment action pursuant to G.L.c. 231A against its lessor, Twin City Mall Associates (‘Twin City”) and Twin City’s insurer, Utica Mutual Insurance Company (“Utica”), seeking a declaration that either Twin City or Utica, or both, is liable to Service Merchandise for sums it expended in defending a tort claim. In addition, Service Merchandise asserts that Utica’s failure to fully indemnify Service Merchandise for its defense costs in the underlying tort action amounted to an unfair and deceptive act in violation of G.L.c. 93A, §2 and 11 and G.L.c. 176D. All three parties have moved for summary judgment.
BACKGROUND
The undisputed material facts are as follows. On November 9, 1982, Twin City and Service Merchandise entered into a lease (“the Lease”) for a building located in Twin City’s mall in Cambridge and Somerville, Massachusetts. Under the terms of the Lease, Twin City was obligated to “obtain general comprehensive liability insurance ... for all portions of the Shopping Center including the common areas, indemnifying [Service Merchandise] for any and all claims for damages to persons or property or loss of life or property occurring upon, in or about the common areas.” (See Memorandum to lease, Article 5, Section 2, Service Merchandise Exhibit A). Service Merchandise was required to purchase “comprehensive general public liability insurance protecting and indemnifying [Twin City] and [Service Merchandise] against any and all claims for damages to person or property or loss of life or property occurring upon, in or about the demised premises . . .” (See Memorandum to Lease, Article 5, Section 1, Service Merchandise Exhibit A).
On February 9, 1988, Michael Wallace was injured when he slipped and fell while walking on a sidewalk leading to and from Service Merchandise. On February 8, 1991, Wallace sued Twin City, Service Merchandise, and Eastern Building Service Corporation (the company responsible for clearing snow and ice from the sidewalks in and around the mall). On November 20, 1991, counsel for Service Merchandise notified Twin City’s counsel that under Article 5, Section 2 of the Lease, Twin City was required to indemnify Service Merchandise for Wallace’s claim because the injury occurred in a common area of the mall. Service Merchandise notified Twin City that it would expect full reimbursement for all expenses related to the claim, including reasonable attorney’s fees, once it was established that the accident occurred in a common area.
At first, Utica refused to assume Service Merchandise’s defense or reimburse Service Merchandises for its legal expenses. Later, Utica offered to assume Service Merchandise’s defense, but only on the condition that Service Merchandise pay for 50% of the attorney’s fees already expended by Service Merchandise in defending the underlying tort action. When Service Merchandise refused to accept the 50% reduction, Utica withdrew its offer. InNovember, 1992, when the Wallace claim was called for trial, Utica agreed to assume Service Merchandise’s defense, but refused to reimburse Service Merchandise for its costs and attorneys fees up to that date. The Wallace matter was eventually settled for $58,000.
In the underlying action, Service Merchandise previously moved for partial summary judgment on its cross claim, seeking a judgment determining that Twin City was obligated to indemnify it against all judgments, legal fees and expenses incident to its defense of the Wallace Claim. In denying the motion, the Court held that material issues of fact existed as to the relative duties of the parties, the location of the accident, the circumstances surrounding it and other relevant matters which pertained to the respective liabilities of the parties. (See Memorandum of Decision and Order on Motion for Partial Summary Judgment of Defendant Service Merchandise Company, Middlesex Superior Court Civil Action 91-0972, p.4 Exhibit 7 of Utica’s Brief.) The Court also concluded that Service Merchandise was not entitled to attorneys fees because there was no express indemnification clause in the agreement but the parties had merely agreed to purchase general liability insurance for the benefit of each other. Id. The focus of the Court, however, in that earlier decision, was not on the attorney fees issue, but on the wider issues of the case. Nor, apparently, was the Court’s attention directed to the specific lease provision noted at p.2 above, which required Twin City to obtain liability insurance “indemnifying” Service Merchandise.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute *558 and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further], that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates the award of summary judgment." Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
Under Article 5, Section 2 of the Lease, Twin Cily was obligated to purchase insurance “indemnifying [Service Merchandise] for any and all claims for damages to persons . . . occurring upon, in or about the common areas.” This contractual language has been held to be sufficient to confer a right of indemnity which includes, as a matter of law, a right to recover the indemnitee’s “reasonable legal fees and costs incurred in resisting a claim within the compass of the indemnity.” Amoco Oil Co. Inc. v. Buckley Heating, Inc., 22 Mass.App.Ct. 973 (1986); Hartford Accident & Indemnity Co. v. Casassa, 301 Mass. 246, 255 (1938); Sears v. Nahant, 215 Mass. 234, 239-40 (1913); Oates v. Diamond Shamrock Corp., 23 Mass.App.Ct. 446,447 n.3 (1987); 7C Appleman, Insurance Law and Practice §4711 (1972). Thus, Service Merchandise’s recovery of reasonable attorney’s fees and costs are clearly contemplated by the contractually required indemnity, provided that the underlying injury occurred “upon, in or about” a common area.
Twin City admits, however, in answer to interrogatories that all exterior sidewalks are “common areas” as that term is used in the Lease (see Service Merchandise Exhibit F, Answers 2, 3, 4 and 5), and it is undisputed that Wallace was walking on an outdoor sidewalk when the accident occurred (see Utica Brief, Paragraph 1; Twin City Brief, page 2). Accordingly, the agreement to indemnify clearly covered this accident.
Utica admits, moreover, in its brief, that it “fulfilled its obligations to Service Merchandise by paying the indemnity in the Wallace case . . .” (See Utica Brief, page 8, emphasis supplied.) Thus, Utica concedes that, under the insurance policy actually procured by Twin City, it was obligated to indemnify Service Merchandise for this accident.
Utica nevertheless asserts that attorneys fees and costs do not fall within its duly to indemnify. As discussed above, however, a duty to indemnify clearly includes the obligation to pay the indemnitee’s reasonable attorneys fees and costs associated with its defense of the underlying claim. Utica must therefore reimburse Service Merchandise for all of its reasonable attorneys fees and costs expended in defending the underlying Wallace action, and Service Merchandise’s motion for summary judgment on Count I of its complaint is allowed.
Because the insurance obtained by Twin City does provide for indemnification of Service Merchandise for the Wallace claim, Twin City has not breached its agreement under Article 5, Section 2 of the lease, to provide such insurance. Accordingly, Service Merchandise’s motion for summary judgment on Count II is denied, and Twin City’s cross-motion on that count is allowed.
THE 93A, 176D CLAIM
Count IV of Service Merchandise’s complaint also alleges that Utica has violated G.L.c. 93A, §§2 and 11, M.G.L.c. 176D, and that by conditioning its agreement to provide a defense to Service Merchandise of the Wallace action upon Service Merchandise’s agreement to accept payment of only 50% of its legal fees and expenses, it committed an unfair or deceptive act or practice. Utica does not assert that Service Merchandise’s legal expenses were unreasonable, but that, because the recoverability of attorneys fees and costs was in reasonable doubt, Utica’s offer was a fair one.
Under C. 93A §11, a defendant’s “objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble world of commerce.” Levings v. Forbes & Wallace, Inc., 8 Mass.App.Ct. 498, 504 (1979). “Although whether a particular set of acts, in this factual setting, is unfair or deceptive is a question of fact, Spence v. Boston Edison Co., 390 Mass. 604, 616 (1983), the boundaries of what may qualify for consideration as a C. 93A violation is a question of law.” Schwanbech v. Federal-Mogul Corp., 31 Mass.App.Ct. 390, 414 (1991), modified, 412 Mass. 703 (1992). Here, the circumstances surrounding the adoption of Utica’s position are unclear and the reasons therefore are unexplained, so that additional discovery may be required.[2] Accordingly, the Court declines, at this juncture, to rule by way of summary judgment on the C. 93A and C. 176D claim.
ORDER
For the reasons outlined above, the plaintiffs motion for summary judgment is ALLOWED with respect to Count I, and DENIED without prejudice with respect to Counts II, III and IV.
Twin City’s cross motion for summary judgment is ALLOWED with respect to Count II of plaintiffs complaint, and DENIED with respect to the other counts of the complaint.

 The discovery deadline has not expired.