Wright J-
This is a Dist/Mun. Cts. R. A D. A, Rule 8C, appeal by defendant BST Electrical Services, Inc. (“BST”) of the trial judge’s entry of judgment in favor of defendant Koch Membrane Systems, Inc. (“Koch”) on Koch’s crossclaim for indemnification by BST.
Koch is a Massachusetts corporation with a manufacturing facility in Wilmington. It purchased a lumberyard next door to its facility with the intention of constructing an additional manufacturing plant on the site. Koch contracted with BST for the electrical services on the project, with Kidder Building & Wrecking, Inc. (“Kidder”) for the demolition work, and with Reliable Security Guard (“Reliable”) for needed security. Plaintiff George Brown (“Brown”) was employed by Reliable as a security guard on the project site. On June 4,1996, Brown sustained injuries when he pulled an electrical disconnect switch to turn on outside lights and it exploded. The switch mechanism had been provided and installed by BST.
Brown commenced this action[3] on July 24,1998 against BST, Koch & Kidder. Koch filed a third-party complaint against Reliable and a crossclaim against BST for indemnification. After a four day trial, the jury found that BSTs negligence was the sole cause of Brown’s injuries, and that neither Koch, nor Reliable, was negligent The verdict of $15,000.00 was reduced by the $10,000.00 settlement payment by Kidder,[4] and judgment was entered for Brown against BST for $5,000.00, plus interest and costs. Judgment was entered in favor of Koch and Reliable.
This appeal involves only the crossclaim by Koch against BST for indemnification. Prior to trial, BST had filed a motion for a directed verdict a motion in limine to preclude Koch from introducing evidence concerning the indemnification agreement and a motion for summary judgment against Koch. All of BSTs motions were predicated on the single ground that the indemnification provision in the parties’ contract was void under G.Lc. 149, §29C and thus unenforceable. All of BSTs motions were denied. Counsel then agreed prior to trial that the indemnification *211 crossclaim would not be submitted to the jury because the question of the enforceability of the provision was one of law for die trial judge’s resolution. BST nevertheless renewed its directed verdict motion during trial on the grounds that the indemnification provision was void and there was no evidence of BSTs negligence. The motion was denied. The jury’s verdict against BST for its negligence was returned on September 12,2000. On September 22, 2000, BST filed a motion for a directed verdict and/or summary judgment on Koch’s crossclaim, which reiterated its first argument that the indemnification clause was void, and added a second assertion that as the jury had found that Koch was not liable, there was nothing for BST to indemnify. On November 2, 2000, the trial judge denied BSTs motion, and allowed Koch’s motion for entry of judgment in its favor for attorney’s fees and costs against BST on the crossclaim. With the consent of both parties, the trial judge deferred any assessment of actual damages until after the disposition of this appeal.
1. There is no merit in BSTs principal argument that the indemnification clause in its contract with Koch is unenforceable under G.L.c. 149, §29C. That statute renders void only those agreements which compel subcontractors to indemnify another party against injuries or damage for which the subcontractor is not responsible. Harnois v. Quannapowitt Develop., Inc., 35 Mass. App. Ct. 286, 288 (1993); Jones v. Vappi & Co., 28 Mass. App. Ct. 77, 81 (1989). Section 29C states, in pertinent part
Any provision ... in ... a contract for construction, reconstruction [or] alteration ... on any building or structure ... or on any real property ... which requires a subcontractor to indemnify any party for injury or damage to property not caused by the subcontractor or its employees, agents or subcontractors, shall be void.
The validity of an indemnity provision under §29C depends solely on the specific language of the provision rather than on the facts of any particular accident or the degrees of fault of any of the parties. Bjorkman v. Suffolk Const. Co., 42 Mass. App. Ct. 591 (1997); Herson v. New Boston Garden Corp., 40 Mass. App. Ct. 779, 786 (1996). The indemnity clause in Koch’s contract with BST states:
It is specifically understood and agreed that during the progress of the work under this contract the vendor/contractor ... shall be responsible for any damage or injury due to its act or neglect
Any other provision in this contract to the contrary notwithstanding, the vendor/contractor hereby assumes responsibility and liability for any and all damage or injury of any kind or nature whatever (including death or personal injury resulting therefrom) to all persons, whether employees of the vendor/contractor or otherwise, and to all property, caused by or resulting from, or arising out of the vendor/contractor’s negligence, willful conduct, or breach of this contract, or that of its agent or employees, and agrees to indemnify, defend and hold [Koch] harmless from any liability.
The liability imposed upon BST by this provision is clearly limited to only such property damage or personal injury caused by its own negligence, intentional conduct or contract breach, or those of its agents or employees. Contrary to BSTs assertion, the concluding phrase by which BST agrees to indemnify Koch “from any liability” cannot be reasonably separated from the limiting language preceding it in the same sentence, and that language restricts the liability in question to that arising from BSTs own acts or omissions. It is this limiting language which “avoids the nullifying effect of G.L.C. 149, §29C.” M. DeMatteo Constr. Co. v. A.C. Dellovade, Inc., 39 Mass. App. Ct. 1, 3 (1995). Therefore, the parties’ indemnification provision was valid and enforceable.
2. BST next argues that Koch is not entitled to attorney’s fees and defense costs because Koch was found not liable to Brown for his injuries and BSTs contractual *212 obligation is limited to indemnifying Koch against “any liability.” We disagree.
“It has long been held... that when a right to indemnify is conferred by written contract or otherwise, the indemnitee may recover reasonable legal fees and costs incurred in resisting a claim within the compass of the indemnity.” Amoco Oil Co. v. Buckley Heating, Inc., 22 Mass. App. Ct. 973 (1986). Contrary to BST’s arguments, the right to such fees and costs remains even when the indemnitee is found not liable. As stated in Amoco Oik
There is no merit to [the defendants] secondary argument that if the indemnity covers legal expenses, it does so only as a component of damages paid by the party to be indemnified; i.e., if the indemnitee defeats an action and, therefore is not out of pocket for damages, it cannot recover legal expenses. Adopting [the defendant’s] position would lead to the aberrant consequence that an indemnitee would be better off supinely surrendering to a claim, than intelligently resisting it
Id. at 974.
Equally unpersuasive is BST’s effort to distinguish its indemnification agreement from those in Amoco Oil and other cases wherein the provisions in question expressly included indemnification against “claims and losses” rather than just “liability.” Implicit in BSTs argument is the suggestion that in the absence of “claims and losses” language, BST had no duty to defend Koch against Brown’s claims. However, that argument impermissibly ignores the specific language in the parties’ agreement which obligates BST not just to indemnify and hold Koch harmless, but also to “defend” Koch from any liability When an “indemnification clause states an obligation to defend ... costs of defense properly are a part of the indemnification claim.” Collins v. Kiewit Constr. Co., 40 Mass. App. Ct. 796, 800 (1996). Having refused at the outset to assume Koch’s defense in this matter, BST remains liable for the reasonable legal fees and costs incurred by Koch in defending itself
3. BSTs remaining arguments require little analysis. First, BST contends on this appeal that the indemnification agreement was ambiguous[5] and that the trial judge thus erred in failing to present Koch’s indemnification claim to the jury. We note that it was BST who filed a motion in limine to prevent Koch from introducing any evidence during the jury trial on indemnification. Further, the following colloquy (A 316-317) between the trial judge and the attorneys for Koch and BST during a lengthy conference on special jury questions and charges establishes BSTs position on this issue in the trial court;
BST Counsel “With respect to the indemnification language there is not a jury question on the issue, so I am not sure that we should even be charging on indemnification.”
Court “I’m sorry, you mean, vis-a-vis, the jury slip.”
BST Counsel: “The jury is not going to [...] I don’t believe is to determine whether there is any obligation for indemnity There is no jury verdict form. No question on that So there is no need to charge on that Thats one reason why I said [inaudible]. If the Plaintiff — I’m sorry — BST is found negligent and Koch is found negligent and causally relate to the accident, then it would be for the court to determine whether the indemnification agreement... whether there would be an indemnity obli- *213 gallon under the contract”
Koch Counsel: “I have to agree your Honor. I think that the enforceability of indemnification agreement is one for the court to determine. We certainly take advice...”
Court “So then it goes post verdict we pick up indemnification.”
It is clear from the record before us that BST not only failed to request special jury questions or instructions on the indemnification provision, or to object to the jury slips and charges which omitted any reference to Koch’s crossclaim, but also agreed through counsel that the jury should not be instructed on indemnification and that the issue should instead be determined by the trial judge. BST’s arguments to the contrary, raised for the first time on this appeal, are deemed waived. Shafnacker v. Raymond James & Assoc., Inc., 425 Mass. 724, 731 (1997).
BSTs final argument Ms for the same reason. BST contends that Koch is precluded from seeking indemnification because the indemnification provision in question was not in effect on June 4, 1996, the date of plaintiff Brown’s injury. First, this assertion was never raised, suggested or even vaguely alluded to at any point in the trial court proceedings and will not now be considered for the first time on this appeal. Federal Financial Co. v. Savage, 431 Mass. 814, 820 n.6 (2000); Valcourt v. Zoning Board of Appeals of Swansea, 48 Mass. App. Ct. 124, 130 (1999); Taveras v. Rodriguez, 2000 Mass. App. Div. 39, 41.
Second, not only was the issue never raised, but the record is also replete with BSTs continuing and unqualified assertions that the indemnification agreement was in fret in effect on June 4,1996. Both BSTs motion in limine and its memorandum in support of its motion for summary judgment, for example, recite: “The defendant BST Electrical Services, Inc. (“BST’) entered into a contract with Koch Membrane Systems, Inc. (‘Koch’), which was in effect on June 4,1996.... The subject contract contained a clause entitled ‘Protection and Indemnification of Work, Property and Persons....’” BST has also indicated that in its response number 1 to Koch’s First Request For Admissions, BST stated that the parties’ contract was in effect on June 4,1996. Further, the caption of the contract itself, “BST Electrical Services — May, 1996 — Temporary Service For Trailer — Temporary lighting for Koch North Building,” bears a date antecedent to the date of Brown’s injury. Moreover, BSTs own project manager testified that work on the equipment which injured Brown was completed and inspected as early as May 21,1996, and that the work had been performed pursuant to “the contract” At no time, at any stage of the proceedings, did BST ever assert that the written contract which it effectively ratified on June 18, 1996 was not the written expression of the contract that had been in effect well prior to June 4,1996. The issue will not now be considered.
A lawyer cannot try a case on one theory and then, having lost on that theory, argue before an appellate court about alleged issues which might have been, but were not, raised at the trial.... The appeal must be based on what took place at the trial, not on anything which is presented for the first time before an appellate court
Vassallo v. Baxter Healthcare Corp., 428 Mass. 1, 11 (1998), quoting from Commonwealth v. Olson, 24 Mass. App. Ct. 539, 544 (1987), and cases cited.
Accordingly, the trial courts allowance of Koch’s motion for entry of judgment on its crossclaim for indemnification is affirmed. The case is returned to the trial judge for an assessment of reasonable attorney’s fees and costs.
So ordered.

 The complaint included a claim by Brown’s wife, plaintiff Frances Brown, for loss of consortium, which was denied by the jury.

 Kidder’s motion for entry of a separate and final judgment was entered on August 30,2000.

 The indemnification provision was not of course, ambiguous simply because BST favored an interpretation different from that of the trial judge and Koch. Citation Ins. Co. v. Gomez, 426 Mass. 379, 381 (1998); Suffolk Constr. Co. v. Lanco Scaffolding Co., 47 Mass. App. Ct. 726, 729 (1999).