ALLAN EISENBERG *vs.* PHOENIX ASSOCIATION MANAGEMENT, INC., & others,[1] trustees.[2] No. 01-P-10. November 4, 2002. *Condominiums,* Common expenses. *Practice, Civil,* Transfer of action to Superior Court, Notice of appeal. *District Court,* Removal of case to Superior Court. *Consumer Protection Act,* Trade or commerce.

On May 31, 1994, the plaintiff purchased a residential unit at the Salisbury Green Condominium on Salisbury Street in Worcester from the then current owner. Prior to this purchase, the president of the defendant Phoenix Association Management, Inc. (Phoenix), which was property manager for the Salisbury Green Condominium Trust (trust), completed a form "Condominium Affidavit" that the bank providing financing for the plaintiff's purchase had requested. The president indicated on this form, among other things, that the trust had made no special assessments in the past and that none were then planned. The plaintiff was shown this affidavit at the closing occurring on May 31, 1994, but was not previously aware of it.

Notwithstanding the president's statements on the form affidavit, some time between June and August, 1994, shortly after the plaintiff had completed his purchase, the trustees sent out to all the condominium's unit owners, including the plaintiff, a notice of special assessment to correct certain construction defects existing in the roofs of several of the condominium's buildings. The plaintiff's proportionate share of this assessment was $5,657. In response to this assessment, the plaintiff filed a complaint in the District Court alleging, among other things, that the defendants were liable to him for intentional misrepresentation, promissory estoppel, violation of G. L. c. 93A, and negligent misrepresentation. The plaintiff filed an accompanying "Statement of Damages" asserting that the money damages sought by the complaint were "$9,000.00 or more plus G. L. c. 93A."

Following a bench trial in the District Court, the judge, on February 13, 1996, found for the plaintiff on each of his claims and awarded him $16,971 in damages (three times his actual damages of $5,657) plus attorney's fees and costs. On February 23, 1996, the defendants filed a "Notice of Appeal/ Removal to the Superior Court" pursuant to G. L. c. 231, § 104. The plaintiff thereafter filed a motion to revoke the removal on the ground that the defendants had been aware that the plaintiff was claiming more than $25,000 in damages but had failed to claim their right to a jury trial in Superior Court within the time prescribed by G. L. c. 231, § 104, in such circumstances. A Superior Court judge denied this motion on June 28, 1996.

A jury trial was thereafter held before a different Superior Court judge, and after the plaintiff had submitted evidence in addition to the District Court's findings, the jury returned a verdict in favor of the defendants on the plaintiff's claim of intentional misrepresentation and in favor of the plaintiff in the

[1]Lee Pledger, Charles Hastie, and Albert Jones.

[2]Of the Salisbury Green Condominium Trust.

amount of $8,000 on the plaintiff's claim of negligent misrepresentation.[3] Subsequently, however, the judge allowed a motion by defendants for judgment notwithstanding the verdict (JNOV) on the plaintiff's claim of negligent misrepresentation on the ground that the evidence submitted to the jury was insufficient to warrant a finding that the plaintiff had relied to his detriment on the information contained in the condominium affidavit. Also, with respect to the plaintiff's claim under G. L. c. 93A, § 9, the judge found that the statements made in the condominium affidavit were not in fact false or inaccurate when they were made, and even if they were, G. L. c. 93A did not apply to the defendants' furnishing of the affidavit to the plaintiff's bank, since they had done so only as a routine service on an uncompensated basis to the selling unit owner and not in the ordinary course of any trade or business conducted by the defendants.

On appeal, the plaintiff claims that the District Court's findings constituted prima facie evidence as to "all matters that were put in issue by the pleadings," including detrimental reliance, and hence, the judge should not have allowed the defendant's motion for JNOV on his claim of negligent misrepresentation. He also claims that the judge erred in denying his motion to revoke the defendants' removal of the case to the Superior Court and in concluding that G. L. c. 93A did not apply to the defendants' furnishing of the condominium affidavit. We agree that the judge should not have allowed the defendants' motion for JNOV on the plaintiff's claim of negligent misrepresentation and, therefore, reverse the judgment in favor of the defendants on that claim. We affirm the judgment dismissing the plaintiff's remaining claims.

1. Pursuant to G. L. c. 231, § 104, which incorporates the procedural provisions applicable to retransferred cases set forth in G. L. c. 231, § 102C, the District Court's findings in favor of the plaintiff constituted prima facie evidence at the subsequent jury trial in the Superior Court of all matters put in issue by the pleadings, including the plaintiff's detrimental reliance on the statements made in the condominium affidavit. G. L. c. 231, §§ 102C, 104. *Dwyer* v. *Piccicuto*, 25 Mass. App. Ct. 910, 911 n.5 (1987). Hence, the findings precluded a JNOV in favor of the defendants on the plaintiff's claim of negligent misrepresentation.[4] See *Williams* v. *Benton Park Package Store, Inc.*, 1 Mass. App. Ct. 844, 844 (1973); *Methuen Constr. Co., Inc.*, 4 Mass. App. Ct. 397, 400 (1976), and cases cited. It is irrelevant that the plaintiff introduced evidence in addition to the District Court's findings that may have contradicted his claim of detrimental reliance on the statements made in the affidavit. "This rule means that no matter what other evidence might be introduced in the Superior Court, the decision of the District Court judge . . . . [is] evidence warranting a finding for the plaintiff." *Lubell* v. *First Natl. Stores, Inc.*, 342 Mass. 161, 164 (1961). See *Sylon Indus., Inc.* v. *Trim Knit, Inc.*, 13 Mass. App. Ct. 970, 970-971 (1982), and cases cited.

---

[3]Prior to trial, the plaintiff withdrew his claim of promissory estoppel. The judge reserved to himself decision on the plaintiff's claim under G. L. c. 93A. See *Nei* v. *Burley*, 388 Mass. 307, 315 (1983) (no right to jury trial in actions under G. L. c. 93A).

[4]To the extent the defendants believed that the District Court's findings were based on an error of law, they could have pursued an appeal to the Appellate Division prior to filing their notice of appeal/removal to the Superior Court. See *Lubell* v. *First Natl. Stores, Inc.*, 342 Mass. 161, 164-165 (1961); *Gonzalez* v. *Spates*, 54 Mass. App. Ct. 438, 444 n.7 (2002).

2. Where, as here, a complaint is filed in District Court alleging a claim under G. L. c. 93A, § 9, the provisions for removal and transfer to the Superior Court set forth in G. L. c. 231, § 104, are controlled by the amount of single damages claimed in the complaint, and not by the possibility of multiple damages. G. L. c. 93A, § 9(3A). Therefore, in the present case, since the plaintiff's statement of damages indicated that the plaintiff was seeking single damages of less than $25,000, the defendants properly waited until after trial had been held in the District Court and the District Court judge had made his findings to exercise their right to remove the case to Superior Court for jury trial. G. L. c. 231, § 104.

Nor were the defendants required to file their notice of removal within the six-day period specified in G. L. c. 231, § 97, rather than the thirty-day period specified in G. L. c. 231, § 104, as the plaintiff further claims in his brief. General Laws c. 231, § 97, applies only to civil actions "which could not have been removed to the superior court," and, hence, has no applicability to this case. See *Drake-Bender* v. *Galvin*, 2 Mass. App. Ct. 836, 836 (1974). See also Perlin & Connors, Handbook of Civil Procedure in the District Courts § 2.12 (2d ed. 1990).

3. The judge could reasonably conclude from the evidence that, in furnishing the condominium affidavit to the plaintiff's bank, the defendants were not engaging in any trade or business within the meaning of G. L. c. 93A, § 2, but rather were performing only a routine service on an uncompensated basis for the selling unit holder. See *Office One, Inc.* v. *Lopez*, 437 Mass. 113, 125 (2002); *Berrish* v. *Bornstein*, 437 Mass. 252, 274 (2002). See also *Planned Parenthood Fedn. of America, Inc.* v. *Problem Pregnancy of Worcester, Inc.*, 398 Mass. 480, 491 (1986). It is irrelevant that certain of the trustees were part of a group of owners that had purchased the development rights to the condominium, since there was evidence that the group had done so on behalf of all the owners to prevent, rather than conduct, such further development. Moreover, even if the judge erred in concluding that G. L. c. 93A did not apply to the defendants' furnishing of the affidavit, the judge could reasonably conclude (as he did) from the evidence presented that the statements contained in the affidavit were not false or inaccurate at the time they were made, and hence, the defendants did not engage in an unfair or deceptive act or practice as that phase is used in G. L. c. 93A, § 2. See *Nei* v. *Boston Survey Consultants, Inc.*, 388 Mass. 320, 323-324 (1983). The plaintiff's claim under G. L. c. 93A was therefore properly dismissed. See *Mongeau* v. *Borlen*, 11 Mass. App. Ct. 1031, 1032 (1981) (in action brought under c. 93A and retransferred to Superior Court under G. L. c. 231, § 102C, Superior Court judge could either accept or reject District Court's finding where additional evidence was presented).

*Conclusion.* The judgment for the defendants on the plaintiff's claim of negligent misrepresentation (count V of the complaint) is reversed, and the case is remanded for entry of a judgment in favor of the plaintiff on that claim in accordance with the jury's verdict. The judgment as to the remaining counts is affirmed.

*So ordered.*

*Karen L. Stern* for the plaintiff.

*Henry A. Goodman* (*William DeBear* with him) for Phoenix Association Management, Inc., & another.