Williams, PJ.
Following a jury trial on his claim for the breach of a restaurant lease, the landlord, Peter L. McDowell (“McDowell”), appealed on the grounds that the trial judge erred in excluding evidence of attorney’s fees McDowell incurred for all aspects of his eviction of the successor tenant, and in denying McDowell’s motion for a new trial based on that claimed error. The tenant, Daniel M. von Thaden (“von Thaden”), filed a cross appeal of both the denial of his claim for attorney’s fees incurred after having served a Mass. R Civ. E, Rule 68 offer of judgment on McDowell, and the trial judge’s finding in McDowell’s favor on von Thaden’s G.Lc. 93A counterclaim. We find no error, and dismiss both appeals.
McDowell and von Thaden entered into a five-year lease in late 1999 for a restaurant in Theatre Market Place in Dennis. Von Thaden opened his restaurant in April, 2000, and fulfilled all lease obligations during his one year of operation. He sold the restaurant in 2001. Following a meeting of McDowell, von Thaden, and the successor tenant (“Sto-rey”), McDowell told von Thaden he would not relieve von Thaden of his lease obligations. Further, McDowell did not execute a new lease with Storey.[3] This meant, in essence, that although von Thaden was reletting the premises to Storey, von Thaden remained obligated to McDowell on the lease. Article XV, paragraph 15.2, of the lease explicitly provided for attorney’s fees McDowell incurred in such a circumstance. Specif-icaily, the lease obligated von Thaden to pay rent through the end of his lease term less the net proceeds of reletting after deducting McDowell’s expenses, including attorney’s fees, incurred in connection with the reletting. Storey soon fell behind on rent payments. McDowell filed a summary-process action, and eventually regained possession of the premises. He then entered into a new lease with a new tenant, who took possession in January, 2004. Thus, McDowell’s reletting-related expenditures ended then. The trial *149 judge admitted evidence on attorney’s fees that McDowell incurred until that reletting.
Apart from the attorney’s fee provision in Article XV, another lease provision also addressed attorney’s fees, although not expressly. Article X obligated von Thaden to indemnify McDowell against all claims arising out of either von Thaden’s use or occupancy, or his relationship with McDowell under the lease, occasioned by any breach of the lease by von Thaden or anyone claiming under him. McDowell contended at trial that this general indemnity provision entitled him to recover attorney’s fees incurred not only in the reletting, but also as a result of any breach of the lease. To the extent this general indemnity clause permitted the recovery of attorney’s fees, it is less explicit than the attorney’s-fee provision in the reletting clause which, again, fit the factual situation presented by von Thaden’s arrangement with Storey. Specific and exact contractual terms are accorded greater weight than general language. See, e.g:, Kobico, Inc. v. Pipe, 44 Mass. App. Ct. 103, 108 (1997), citingRESTATEMENT (SECOND) OF CONTRACTS §203(c) (1981).
McDowell sought $8,000.00 plus attorney’s fees, and the jury awarded $4,000.00. McDowell suggests that had the excluded attorney’s-fee evidence been admitted, the jury’s award would likely have been substantially greater. Thus, McDowell argues that the trial judge erred as a matter of lawboth in excluding the evidence because attorney’s fees are generally recoverable under indemnity clauses, and in denying a new trial on the same basis.
McDowell is correct in stating that contractual indemnification provisions such as Article X implicitly allow an indemnitee to recover reasonable attorney’s fees incurred in defending a claim falling within the compass of the indemnity, even though the clause does not expressly mention such fees. Brown v. Koch Membrane Sys., Inc., 2001 Mass. App. Div. 210, 212, citing Amoco Oil Co. v. Buckley Heating, Inc., 22 Mass. App. Ct. 973 (1986). See also, e.g., Herson v. New Boston Garden Corp., 40 Mass. App. Ct. 779, 786 (1996); Callahan v. A.J. Welch Equip. Corp., 36 Mass. App. Ct. 608, 613 n.6 (1994) (“Ordinarily, an indemnitee is entitled to recover reasonable attorney’s fees and costs incurred in resisting a claim within the scope of the indemnity clause even where the written indemnity agreement makes no specific reference to attorney’s fees”). The twist here is that this indemnitee sought fees incurred as a result not only of defending a claim, but of bringing one. Thus, the issue is whether the trial judge erred as a matter of law in excluding the post-reletting attorney’s-fee evidence and then in denying McDowell’s motion for new trial. McDowell’s assertion of a right to recover attorney’s fees under a general indemnity clause for bringing a claim and not defending one, without providing to the court any authority supporting that proposition, was understandably unconvincing to the judge. As far as we can tell from this Rule 8A record, no authority even mentioning the permissibility of recovering attorney’s fees incurred offensively surfaced until oral argument to this Division. See Riedle v. Peterson, 29 Mass. App. Ct. 380, further app. rev. denied, 408 Mass. 1104 (1990).[4] *150 Although Riedle might be considered some appellate-court recognition of an indemni-tee’s right to recover attorney’s fees incurred in initiating an action and not defending a claim, that recognition is expressed in dicta. See generally Cleary v. Knapp Shoes, Inc., 924 F. Supp. 309, 316 (D. Mass.1996) and cases cited (courts may give weight to dicta, but mere obiter, as contrasted to carefully considered statement, is entitled to little weight). See also, e.g., Diaz-Rodriguez v. Pep Boys Corp., 410 F.3d 56, 61 (1st Cir. 2005) (“ [d] ictum constitutes neither the law of the case nor the stuff of binding precedent”). Riedle, which has not been cited for the proposition for which McDowell now invokes it since it was decided 16 years ago, hardly stands as black-letter law on the issue. The trial judge here cannot be faulted for failing to apply Riedle’s dictum, especially when no authority, including Riedle, mandating the award of attorney’s fees for the offensive use of an indemnity clause was brought to her attention. She thus did not err in excluding the attorney’s-fee evidence or in denying McDowell’s motion for new trial.
2. As for von Thaden’s claim that he is entitled to attorney’s fees incurred since his Rule 68 offers of judgment, we note simply that attorney’s fees are not recoverable as “costs” under that rule. Shorr v. Professional Photographers of America, Inc., 1997 Mass. App. Div. 61, 63. See, e.g., Moon v. Trust Ins. Co., 2000 Mass. App. Div. 89, 91-93. Von Thaden may not recover attorney’s fees as a result of having filed offers of judgment. Although the word “costs” appears in the “wherefore” clause of von Thaden’s motion, it is clear that the motion focused exclusively on attorney’s fees. Although von Thaden would likely have been entitled to costs, see, e.g., Nortek, Inc. v. Liberty Mut. Ins. Co., 65 Mass. App. Ct. 764, 773-774 (2006); J.W. Smith & H.B. Zobel, Rules PRACTICE, §68.3 at 315 (1981), his motion sought “all attorneys fees expended in the defense of this matter.” The motion judge did not err in denying it
3. We turn to von Thaden’s claim that the facts compelled a finding in his favor on his G.L.c. 93A counterclaim, and that the trial judge erred in failing to find for him on that theory. He seems to suggest initially that the trial judge’s “refusal” to submit his G.Lc. 93A claim to the jury was somehow suspect. There is, however, no right to a jury trial on a G.Lc. 93A claim. Eisenberg v. Phoenix Ass’n Mgmt., Inc., 56 Mass. App. Ct. 910, 911 n.3 (2002). Although the trial judge could have submitted the c. 93A claim to a jury, for either a conclusive or advisory verdict, see, e.g., Bonofiglio v. Commercial Union Ins. Co., 411 Mass. 31, 36-37 (1991); Billingham v. Dornemann, 55 Mass. App. Ct. 166, 173-174 (2002); see also Augustine v. Rogers, 47 Mass. App. Ct. 901 (1999), she was certainly not obligated to do so. Von Thaden also recites several instances of action by McDowell which, he urges, add up to a course of unfair and deceptive business conduct. Whether particular conduct in its factual setting is unfair or deceptive is a question of fact which the trial judge properly reserved for herself in this case. Lily Transp. Corp. v. Royal Institutional Servs., Inc., 64 Mass. App. Ct. 179, 209 n.16 (2005). The boundaries ofwhat conduct might qualify for consideration as a violation of G.Lc. 93A however, is a question of law. Id.
We do not set aside a trial judge’s findings of fact unless they are clearly erroneous.[5] Id. at 181, citing Demoulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 509-510 (1997). Such a conclusion would result only when we, on the entire evidence, which is unavailable on this Rule 8A appeal, see Oakwood Living Center v. *151 Saquet, 2003 Mass. App. Div. 98, 99, are left with a definite and firm conviction that a mistake has been made. Lily Transp. Corp., supra, at 181. The party claiming such error is charged with demonstrating that a finding of fact is clearly erroneous. Id. Von Thaden has not demonstrated that any of the judge’s findings of fact were clearly erroneous. Nor has he demonstrated any error in the judge’s legal conclusions that McDowell’s conduct did not qualify for consideration as a violation of G.L.c. 93A There was no error on this issue.
Both appeals are dismissed.
So ordered.

 Article XII of the lease prohibited von Thaden’s assigning the lease or subletting the premises without McDowell’s written consent Even if McDowell so consented, and accepted rent from a sublessee, or even “deal[t] with anyone claiming by, through or under tenant,” von Thaden was not thereby relieved of his lease obligations to McDowell. If von Thaden were to sell his business, as did happen here, McDowell agreed to negotiate a new lease in good faith as long as the purchaser met certain criteria to McDowell’s satisfaction. Apparently Storey, at least in McDowell’s judgment, fell short of satisfying those criteria.

 In Riedle, the plaintiff sold real property to Peterson. Peterson agreed to assume an FHA mortgage and to hold Riedle harmless as to it FHA later released the mortgage on condition that Riedle remain personally liable on the note. Thereafter FHA complained to Riedle about missed payments. Riedle brought suit against Peterson in District Court. The court ordered summary judgment for Riedle, which judgment included attorney’s fees. Following a report, the Appellate Division struck the attor-ne/s-fees recovery. Peterson appealed, disclaiming any obligation, and Riedle sought restoration of the fees award. The Appeals Court found that because of the “hold harmless” language, Reidle could proceed directly against Peterson without first paying FHA, or Riedle could pay FHA and then claim indemnity from Peterson. The Court noted that had Riedle paid FHA and sought indemnity from Peterson — a factual postulate that did not occur in the case — Riedle “would be” entitled to recover legal fees. Id. at 382. “This would be so although perhaps the more common case is one where the indemnitee has legal expenses resisting a claim covered by the indemnity and then sues the indemnitor.” Id., citing Amoco Oil, supra.

 We note, for example, that von Thaden’s first example of McDowell’s unfair conduct was McDowell’s failure to enter into a new lease with Storey in April, 2001. But, as mentioned in note 1 above, McDowell was obligated to negotiate a new lease with a successor tenant only if he were satisfied that the successor met certain criteria. Whether McDowell acted reasonably in rejecting Storey cannot be discerned on this Rule 8A appeal, although the parties agree that Storey in fact quickly defaulted on rent payments. We note, too, that there is no evidence in the record that von Thaden proved that he sent an adequate G.Lc. 93A demand letter. See, e.g., Reichenbach v. Financial Freedom Centers, Inc., 2006 Mass. App. Div. 10 and cases cited.